## CLARY v. HOAGLAND.

In this case the application for *certiorari* showing on its face that the party had
an adequate legal remedy by appeal, the writ was denied.

Petition for a writ of *certiorari* to the County Court of Yolo
County.

In 1851, plaintiff brought forcible entry and detainer in a
Justice's Court against defendant.   Judgment was rendered for
plaintiff for restitution of the premises, which judgment, on
appeal, first to the County Court, thence on appeal, to the Dis-
trict Court, was affirmed in November, 1851.

Defendant then appealed to the Supreme Court, where, in Oc-
tober, 1852, the judgments of both the County and District
Courts were reversed, and the cause remanded to the District
Court for new trial.   (2 Cal. 474.)   The *remittitur* was filed in
said Court November, 1853.

In February, 1855, plaintiff applied to the Clerk of the County
Court for a writ of restitution upon the judgment as originally
rendered in that Court.   The Clerk refused the writ on the ground
of reversal of the judgment by the Supreme Court.   Upon ap-
plication, the County Court ordered a *mandamus*, commanding
the Clerk to issue the writ.   This order was reviewed, and re-
versed by the Supreme Court, upon *certiorari* in October, 1855.
(5 Cal. 476.)   And in January and October, 1856, was again re-
viewed, with the same result.   (6 Cal. 685.)

In March, 1854, upon motion of plaintiff, defendant being also
represented, the District Court dismissed the case instead of
proceeding with a new trial in accordance with the *remittitur*
from the Supreme Court; the ground being, that said District
Court, under late decisions, had no jurisdiction of an appeal from
the County Court.   Plaintiff took no further steps, until, in

Clary v. Hoagland.

August, 1857, defendant obtained from the County Clerk an execution for costs, contending that plaintiff had virtually abandoned his suit. Plaintiff then procured an *ex parte* order from the County Court, preventing the enforcement of the execution, and also an order placing the cause on the calendar for trial.

Petitioner, upon this state of facts, applied to the Supreme Court for a *certiorari* to review the action of the County Court in placing the cause on the calendar for trial, on the ground of no jurisdiction in the Court, and no remedy by appeal.

*Winans* and *Zabriskie*, for Petitioner.

1. The judgment of the Supreme Court in this case, rendered at the October Term, 1852, remanding the case back to the District Court for trial, was a final judgment, conclusive of the rights of the parties, and became the law of the case, and cannot be changed or modified; and the subsequent act of plaintiff in dismissing the case from said Court was a final determination of the action. (*Clary* v. *Hoagland*, 6 Cal. 687; *Gunter* v. *Lafan*, 7 Id. 588; *Woodcock* v. *Parker*, 35 Maine, 138; *Van Dyke* v. *The People*, 22 Ala. 57; *Wood* v. *Wheeler*, 7 Texas, 13; *Dallan* v. *Bowman*, 16 Miss. 225; *Goodwin* v. *Huntington*, 11 Illinois, 646.)

Even conceding that the judgment of the Supreme Court should have remanded the case to the County Court for trial, and that this Court has now the power to amend the same accordingly, still the acts of the plaintiff, in omitting to proceed with the case in the County Court for seven years, in dismissing it from the District Court, and in procuring an order for a writ of restitution in the County Court, was a waiver of his right of new trial in said Court, and a discontinuance of the cause. (*Rutherford* v. *Folger*, 1 Spencer, 299; *Athlock* v. *Commonwealth*, 73 Monroe, 44; *Jackson* v. *Haveland*, 13 Johnson, 229; *Guffin* v. *Osborn*, 20 Ala. 594; *Puddlefield* v. *Bancroft*, 22 Vt. 529; *McGuire* v. *Hay*, 6 Humphreys, 419; 3 Blac. Com. 296, 316.)

*Tod Robinson* and *John Heard*, *contra*—argued that petitioner has full remedy by appeal. (Practice Act, Secs. 336, 456.)

TERRY, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

In this case, as the application for a *certiorari* shows upon its face that the party has an adequate legal remedy, by appeal, from any judgment which may be rendered in the County Court to his prejudice, the petition is denied.