[Crim. No. 536.　In Bank.—July 17, 1899.]

In re ALFRED CLARKE, upon Habeas Corpus.

INVOLUNTARY INSOLVENCY—AMENDED PETITION—APPEARANCE OF DEFENDANT—MOTION TO STRIKE OUT—RESERVATION.—A defendant in involuntary insolvency, who first appears after the amendment of the petition by adding the names of new creditors, upon which no citation was issued, and moves to strike out the amended petition and parts thereof, on grounds not including a want of jurisdiction of his person, makes a general appearance, notwithstanding an express statement in the motion to the contrary, and an express reservation of his "right to be brought into court by the issue of regular process."

ID.—NATURE OF APPEARANCE, HOW DETERMINED — CHARACTER OF RELIEF.—The nature of an appearance, as being special or general, is determined by the character of the relief asked and not by the expressed intention of the defendant. One who appears and objects to the consideration of a case for want of jurisdiction of his person, appears specially, whether he so states or not. But if he appears and asks for relief which can only be given to a party in a pending cause, the appearance is general, although it may be expressly declared to be special.

ID.—JURISDICTION OF PERSON OF DEFENDANT—MOTION—DEMURRER—ANSWER.—Where, upon the first appearance of the defendant in the insolvency proceedings, he asked favors by motion which could only be demanded by a party to the record, and, upon his motion being denied, he demurred to the petition upon nearly all of the statutory grounds, and also filed an answer upon which issues of fact were raised and tried, he submitted himself to the jurisdiction of the court, and cannot complain that he was not properly brought in by citation.

ID.—FAILURE TO GIVE BOND—ABATEMENT—ADJUDICATION OF INSOLV-
ENCY—WAIVER.—The failure of the creditors to give bond does
not render the insolvency proceedings absolutely void; but it
is matter of abatement which must be taken advantage of prior
to a trial of issues upon which an adjudication of insolvency is
had; and, if not specifically urged prior to such trial and adju-
dication, it is waived. The objection cannot be urged subse-
quently to the adjudication.

ID.—OBJECTION TO FORM OF BOND AND SUFFICIENCY OF SURETIES.—
An objection to the form of the bond filed under the original
petition, and to the sufficiency of the sureties thereupon, is a
waiver of objection to the lack of a bond.

ID.—AMENDED PETITION—LACK OF NEW BOND—WAIVER OF OBJEC-
TION.—Where the petition was amended by adding the names
of other creditors, without the filing of a new bond, and a trial
was had under the amended petition, without objection to the
power of the court to allow the amendment, or calling its atten-
tion to the fact that a new bond had not been filed under the
amended petition, owing to the apparent belief of the insolvent
that the bond given under the first petition would serve under
the amended petition, all objection to the lack of a new bond is
waived.

ID.—FORM OF ADJUDICATION — FINDINGS — CONCLUSION OF LAW. —
Formal findings of facts and conclusions of law are not neces-
sary upon an adjudication of insolvency, and the adjudication
is complete in form and substance if the court by order adjudges
that the defendant was insolvent on a specified date prior to the
filing of the petition, and ever since has been, and still is, in-
solvent; and the fact that it proceeds unnecessarily to add as a
conclusion of law that the defendant was insolvent on that date
cannot affect the sufficiency of the adjudication.

ID.—INCOMPLETE ENTRY IN MINUTES.—The order of adjudication of
insolvency is interlocutory, and should be entered in the min-
utes; but the fact that it was not entered, or that the entry
made by the clerk was incomplete or informal does not render
the adjudication invalid, if the order was in fact sufficient in
form and substance.

ID.—CITATION TO INSOLVENT TO ANSWER CONCERNING PROPERTY—
CONTEMPT—PUNISHMENT.—After the adjudication of insolvency
and the ordering of the defendant to file schedules, with which
order he failed to comply, the court may cite him to answer
concerning his property, and, upon his refusal so to do, may pun-
ish him for contempt, by imprisonment until he consents to an-
swer. The addition of imprisonment for one day, and until, et
cetera, is immaterial, where the defendant did not avail himself
of the privilege of answering during the day.

ID.—PRESENCE OF DEFENDANT.—Where the defendant answered the
citation for contempt by challenging the jurisdiction of the
court in a written statement, which was taken under advise-
ment and overruled, the defendant cannot object that he was not
personally present in court when the contempt was adjudged.

ID.—VOLUNTARY PROCEEDINGS IN INSOLVENCY—DISCHARGE—JURISDIC-
TION OVER INVOLUNTARY PROCEEDING.—The fact that the in-
solvent, after the adjudication of insolvency in the proceedings
by the creditors, instituted voluntary proceedings in insolvency,
and obtained a discharge therein, whatever effect such discharge
may have as a plea in bar in a proper case, could not operate
to deprive the court of jurisdiction over the prior proceedings
by the creditors in involuntary insolvency.

HABEAS CORPUS—BURDEN OF PROOF—CONTEMPT PROCEEDINGS—SHOW-
ING FOR CITATION.—Upon *habeas corpus*, the burden is upon the
petitioner to show that a restraint which is apparently legal is
not so; and if a commitment for contempt states facts sufficient
to authorize a citation to the defendant, and there is no proof
upon the subject, he cannot be released upon *habeas corpus* upon
the ground that there was not a sufficient showing in the su-
perior court to authorize the issuance of the citation.

ID.—ALLEGED WANT OF JURISDICTION—CONSTRUCTION AGAINST PETI-
TIONER.—The allegations of a petition for a writ of *habeas corpus*
to review proceedings for contempt, for an alleged want of jur-
isdiction over the proceedings in which the contempt was ad-
judged, are to be taken most strongly against the pleader.

HABEAS CORPUS in the Supreme Court, to review the le-
gality of a commitment for contempt by the Superior Court of
the City and County of San Francisco. James M. Troutt,
Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Petitioner.

Clarence W. Ashford, Assignee of Alfred Clarke, opposing
petition.

TEMPLE, J.—The petition shows that on the second day
of October, 1891, six creditors of petitioner filed a petition in the
superior court asking to have him adjudged an insolvent. An
order to show cause was issued, signed by the judge but not
made by the court. The bond given was not signed by the peti-
tioning creditors. October 29th the petition was amended by
adding three new creditors, and in other respects. No new bond
was given after the amendment, and no new citation was issued
November 7, 1891, petitioner appeared and moved to strike o˙
the petition on various grounds, and also demurred. The ɯ
tion was denied and the demurrer overruled. He answered, ₹
trial was had and an order was made May 12, 1892, which ad-

judged that on the fourteenth day of September, 1891, Alfred Clarke was an insolvent debtor, and petitioner was ordered to file schedules as required by law.

Petitioner represents that he has always challenged the jurisdiction of the court on various grounds, and particularly because no bond was given as required by the statute. It is further charged that the order of adjudication has never been entered, and that petitioner moved in the superior court to have the proceedings dismissed because the judgment was not entered within six months after it was made.

Petitioner also states that while said ineffective proceedings were pending he made application to be declared an insolvent, and that on his petition and notice an adjudication was made, and such proceedings were afterward had in the matter that on the sixth day of November, 1896, a decree was entered discharging him from all debts. The decree has never been vacated, suspended, or appealed from.

It further appears from the petition that a citation was issued out of the superior court requiring petitioner to appear on a day named and answer concerning his property. He did appear, and the matter was continued from time to time until at last he failed and refused to appear and make answer to inquiries concerning his property. A citation was then served upon him requiring him to appear on the third day of February, 1899, to show cause why he should not be adjudged guilty of a contempt of court for failing to appear and answer questions. He appeared by counsel and showed cause by a demurrer and by an answer. The demurrer was overruled and the answer held insufficient, and he was adjudged guilty of a contempt of court and was committed until he would consent to answer touching the insolvent estate. By virtue of such order he is now being deprived of his liberty.

The evidence shows that the petition is incorrect in some of the most material points. The first appearance of Clarke in the insolvency proceeding was by a motion to strike from the files the amended petition for various reasons, among which are: 1. It was wrongly entitled; 2. Did not conform to leave granted to amend; and 3. Certain specified portions were impertinent, irrelevant, and immaterial. No point was made that the court

had not obtained jurisdiction of the person of defendant except that it is stated: "This paper is not a general appearance or an appearance to the merits, and respondent reserves his right to demand that he be brought into court by the issue of a regular process."

On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material. (See 2 Ency. of Pl. & Pr., 625, notes, and cases cited.)

As a rule one cannot avail himself of the advantage of being a party and escape the responsibilities. Some early cases in this state (*Deidesheimer v. Brown*, 8 Cal. 340, and *Lyman v. Milton*, 44 Cal. 631) seem to hold that a defendant having first objected to the process or service by which he was brought in, may then, if his objections are overruled, answer to the merits, and on appeal from the judgment still avail himself of his objections to the jurisdiction of the court over him. This rule seems unjust and illogical, and I think does not prevail elsewhere. It gives the defendant, whose objections to the jurisdiction of the court have been erroneously overruled, an opportunity to go to trial, and if the judgment is favorable to abide by it, while if it is unfavorable he can procure a reversal. The plaintiff would have no such advantage. And what would be the condition of such a defendant after reversal? If the reversal means that he is not yet in the case, he may move to dismiss under section 581. If it merely gives him a new trial, the procedure seems farcical.

In this case, by his first appearance, Clarke asked favors which

could be demanded only by a party to the record, and, upon his motion being denied, he demurred to the petition upon nearly all the statutory grounds. He also filed an answer, which raised issues of fact, upon which a trial was had and findings were filed. Certainly by these proceedings he submitted himself to the jurisdiction of the court.

Is the proceeding absolutely void because no bond was given? *Anderson v. Superior Court,* 122 Cal. 216, was a petition for a writ of prohibition, and it was said, in effect, that though the alleged insolvent might have waived the bond, the court should not proceed in the matter against his objection. It would seem, then, if he did not object it might be considered as waived. No specific objection on this ground was made by the petitioner, at least until long after the adjudication of insolvency. In his notice of motion to strike out he stated as one of his grounds "that the court had not acquired jurisdiction to proceed under the amended petition." The same notice discloses that he was urging as an objection that the proceedings were wrongly entitled, and that the petition could not be amended, and no doubt these were the reasons why he thought the court had no jurisdiction. No other reasons are suggested.

In his demurrer he stated as one ground that "the court has no jurisdiction of the person of the defendant or of the subject of the action." As he also demurred for insufficiency of the statement of facts, the demurrer itself constituted an appearance which gave the court jurisdiction of the person, if it had not already acquired it. There was no objection for lack of a bond. The petition avers that four days after the petition was filed Clarke appeared and objected to the form of the bond and the sufficiency of the sureties. The sureties failed to justify, but his objections were ignored. This is most decidedly a case where the allegations must be taken most strongly against the pleader. This notice may itself be construed into a waiver of all other objections to the bond. Several other instances are recited in the petition, but the particulars are not given, except that on January 5, 1894, he moved the court to vacate the judgment on the ground that no legal process was ever issued and no bond was given under the amended petition; and in October, 1894, he again moved the court to vacate the order because it had

never been entered. The adjudication was made May 12, 1892.

We find, therefore, that Clarke specifically objected to the form of the bond and to the sufficiency of the sureties, and at the same time denied the numerous allegations and charges of wrong-doing contained in the petition, and his insolvency, and caused a trial to be had of such issues, without calling the attention of the court to the fact that a bond had not been given. Doubtless he conceded the power of the court to allow an amendment, and believed that the bond already given under the first petition would serve under the new. The objection was in the nature of a plea in abatement, and I think it was waived.

It is objected that no sufficient adjudication was made and that it has never been entered.

The adjudication is complete in form and substance. It states that all the allegations in the amended petition are true, and that Clarke was on the fourteenth day of September, 1891, and ever since has been, and still is, insolvent. The adjudication then proceeds unnecessarily to add as a conclusion of law that Clarke was, on the fourteenth day of September, 1891, an insolvent debtor. This is what the petitioner calls the adjudication. The document is one, and whether the court says it "finds" or "adjudges" or "decrees" or "considers" is immaterial. Formal findings were not required, and it is sufficient if the court by order adjudges the respondent in such proceeding insolvent, as required by statute.

The clerk did, however, make an entry of an order in his minutes. It is too brief—a trouble not infrequent in clerical work. After the title it is: "This matter having been heretofore submitted to the court for consideration and decision, and now the court having fully considered the same, it is ordered that Alfred Clarke be, and he is adjudged and declared to be, an insolvent debtor." From this order so defectively entered Clarke appealed to this court, and the order was affirmed. Perhaps the court, as in the case of *Miller v. Lux*, 100 Cal. 609, considered itself justified in looking to the entire record, including the findings. It is there said that, though findings are not required, still if made they constitute a part of the judgment-roll.

No other entry than the minutes of the court was required. (*In re Blythe Estate*, 110 Cal. 229.)

The adjudication is but an interlocutory order from which an appeal is specially provided.

It should have been entered in the minutes, and an informal entry of it was made. Even if it be considered a judgment, and the attempted appeal from it was ineffectual, the fact that it was not entered does not render it invalid. (*Estate of Cook*, 83 Cal. 415; *Marshall v. Taylor*, 97 Cal. 422.)

Petitioner contends that there was not sufficient showing before the superior court to justify the issuance of the citation to him. Upon *habeas corpus* the burden is upon the petitioner to show that a restraint which is apparently legal is not so. The commitment states facts sufficient to authorize the citation and there is no proof upon the subject.

The examination was postponed from day to day, and finally Clarke failed to be present at the appointed time. An order was served on him requiring him to appear and show cause why he should not be punished for a contempt in refusing to appear. He showed cause by a written statement challenging the jurisdiction of the court. This was taken under advisement by the court and finally overruled, and the petitioner was adjudged guilty of a contempt and was committed for one day and until, et cetera.

He now contends that he should have been present in person. His showing in response to the order was heard and considered, and this was his own chosen method. He will not be heard to say he was not present.

The sentence was objected to because it provides for an imprisonment for a definite term of one day. It is contended that he could only be imprisoned until he would consent to testify. I think this is a mistake, but if not the illegal part is void.

The portion not inflicting a punishment is not within the rule declared in *Ex parte Kelly*, 65 Cal. 154. To strike out the direction that he be imprisoned for one day would vacate the entire punitive part of the order. Had he consented during the day to testify, he might then have raised the point.

I cannot see that the voluntary proceedings by which petitioner claims to have been discharged as an insolvent, if proven here, as they were not, could help the petitioner. Such a discharge might in a proper case be pleaded in bar, but the fact

would not deprive the court in which the other proceeding is pending of jurisdiction.

The prisoner is remanded.

Harrison, J., McFarland, J., Van Dyke, J., Garoutte, J., and Henshaw, J., concurred.