[L. A. Nos. 476, 477, 478, 479.    Department Two.—October 24, 1899.]

SECURITY LOAN AND TRUST COMPANY OF SOUTHERN CALIFORNIA, Respondent, v. BOSTON & SOUTH RIVERSIDE FRUIT COMPANY, Appellant in Nos. 478 and 479; and UNITED STATES TRUST COMPANY, Trustee, Appellant in Nos. 476 and 477.

JURISDICTION OF PERSON OF DEFENDANT—SPECIAL AND GENERAL APPEARANCE.—If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person. he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. If he raises any other question, or asks for any relief, which can only be granted upon the hypothesis that the court has jurisdiction of his person. his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons.

ID.—MOTION TO VACATE JUDGMENT—STATEMENT OF GENERAL GROUNDS—WAIVER OF OBJECTION TO JURISDICTION.—A motion by a corporation defendant to vacate a judgment rendered after publication of summons against it, upon the ground that the affidavit of publication was insufficient, and which also stated as grounds of the motion that the complaint did not state facts sufficient to constitute a cause of action against the corporation, and that the relief granted exceeded that prayed for, and that the summons did not conform to the complaint, constituted a general appearance of the corporation, and waived all objection to the judgment for want of jurisdiction of its person.

FORECLOSURE OF MORTGAGE—PLEDGE OF SHARES OF STOCK—JUDGMENT BY DEFAULT—SALE OF STOCK NOT PRAYED FOR.—In an action to foreclose a mortgage on real property to secure a debt, to secure which shares of stock of a water company were also pledged to a trustee, the shares of stock cannot be properly or-

dered to be sold in a judgment of foreclosure entered upon default, if such sale is not specifically prayed for in the complaint; and upon appeal the judgment of foreclosure will be modified by striking therefrom the direction for the sale of the stock of the water company.

APPEALS from a judgment of the Superior Court of Riverside County, from a judgment, and from orders refusing to set the judgment aside.   John L. Campbell, Judge, presiding.

The facts are stated in the opinion of the court.

Wilfred M. Peck, Luke D. Bechtel, and William J. Hunsaker, for Appellants.

Notwithstanding the plaintiff did not ask for any relief as to the pledged stock, the decrees ordered such stock to be sold. As the decrees were taken by default, the court had no authority to grant plaintiff any relief in excess of that specifically prayed for by it in its complaints. (Code Civ. Proc., sec. 580; *Lamping v. Hyatt,* 27 Cal. 99; *Raun v. Reynolds,* 11 Cal. 14, 19; *Gautier v. English,* 29 Cal. 165; *Parrott v. Den,* 34 Cal. 79; *Savings etc. Soc. v. Horton,* 63 Cal. 105; *Mudge v. Steinhart,* 78 Cal. 34; 12 Am. St. Rep. 17; *Brooks v. Forington,* 117 Cal. 219.) Insufficiency of the affidavit of publication was a sufficient ground for setting aside the judgment by default. (*Forbes v. Hyde,* 31 Cal. 350; *Hyde v. Redding,* 74 Cal. 493; *New York etc. v. Atwell,* 95 Mich. 239; *Nelson v. Rountree,* 23 Wis. 367; *Manning v. Heady,* 64 Wis. 630; *Cissell v. Pulaski County,* 10 Fed. Rep. 891.) There was no general appearance of the defendant corporation. (*Vrooman v. Li Po Tai,* 113 Cal. 302.)'

R. H. F. Variel, and John G. North, for Respondent.

The so-called special appearance upon the motions to vacate the judgment was a general appearance of the defendant corporations, and waived all objection to the jurisdiction of the court over them. (2 Ency. of Pl. & Pr. 625; *Lowe v. Stringham,* 14 Wis. 222; *Coad v. Coad,* 41 Wis. 26; *Gilbert-Arnold Land Co. v. O'Hare,* 93 Wis. 194; *Belknap v. Charlton,* 25 Or. 41; *Burdette v. Corgan,* 26 Kan. 102, 103; *Elliott v. Lawhead,* 43 Ohio St. 176, 177.) The relief granted was within the scope of the demand of the complaint, which must receive a reasonable in-

terpretation. (*Brooks v. Carpentier*, 53 Cal. 288.) The decree directing a sale of the pledged stock with the lands, relates rather to the *quo modo* of its enforcement. (*Chase v. Christianson*, 41 Cal. 253; *Hale v. Omaha Nat. Bank*, 49 N. Y. 626; *Brooks v. Carpentier, supra; Hutchings v. Ebeler*, 46 Cal. 557; *McGregor v. Shaw*, 11 Cal. 47; *Himmelmann v. Spanagel*, 39 Cal. 401.)

McFARLAND, J.—All these appeals involve exactly the same questions; they were argued and submitted together and will be so decided.

The references in the briefs and arguments of counsel are to the transcript in appeal No. 478; and we will consider and determine the case presented in that transcript—the other appeals involving exactly the same questions, although in one set of appeals the United States Trust Company is the appellant, and in the other the Boston & South Riverside Fruit Company is the appellant, both appellants being foreign corporations.

The case upon which the appeal in No. 478 arises is an action to foreclose the lien of a mortgage made by E. W. Skinner to the plaintiff's assignor upon certain real property, and also to foreclose a lien upon fourteen shares of the capital stock of the Temescal Water Company, which at the time of the mortgage and as part of the same transaction was deposited with one George L. Joy to hold as trustee as additional security for the promissory note to secure which the mortgage on the real property was given. The appellant herein, the Boston & South Riverside Fruit Company, a corporation, was made a party defendant, upon the averment that it claimed an interest in the land mortgaged and in the said shares of stock. Service by publication was made upon the appellant, or was attempted to be made by publication; and, the appellant not having appeared within the statutory time, default was entered against it and final judgment was afterward rendered foreclosing all its right, et cetera, in and to the said property. Judgment was entered on the nineteenth day of December, 1896. Afterward, on the ninth day of July, 1897, the appellant served a notice on plaintiff that on July 19, 1897, or as soon thereafter as counsel could be heard, the appellant, "appearing specially for the purpose of making the motions hereinafter mentioned and not other-

wise, will move the said court to make an order or orders in said cause: 1. Vacating and setting aside the order for publication of summons; 2. Vacating and setting aside the entry of the default of said defendant, Boston & South Riverside Fruit Company; 3. Vacating and setting aside the judgment entered therein against said defendant; 4. Vacating and setting aside the sale made under said judgment; 5. Vacating and setting aside all proceedings taken against said defendant in said action, subsequent to the making of said order for publication of summons. Said motion will be made and based on the following grounds: 1. That the affidavit of R. H. F. Variel, Esq., upon which said order for publication of summons was based, is insufficient to authorize the court, or the judge thereof, to make said order, in that it does not appear therefrom that said defendant had no managing or business agent, cashier or secretary within the state of California."

The motion then sets forth a number of grounds upon which it is based, referring to the insufficiency of the order for publication and the insufficiency of the affidavit upon which it was based, and then the following are stated as grounds for the motion, to wit: "10. That the decree of foreclosure and sale, entered in said action, exceeds the relief demanded in plaintiff's complaint, in that: (*a*) Said decree and judgment directs and requires the sale of fourteen shares of the capital stock of the Temescal Water Company, referred to in the said complaint; (*b*) Said decree requires the delivery of said capital stock to the clerk of said court; . . . . 14. That the complaint in said action does not state facts sufficient to constitute a cause of action against this defendant; 15. That the notice in the summons does not conform to the relief demanded in the complaint, in that the complaint does not pray judgment authorizing the sale of the shares of the capital stock of the Temescal Water Company, referred to in said summons."

It is contended by respondent that these last-quoted grounds for the motion constitute a general appearance and a waiver of all defects in the service of the summons; and we think that this contention must be sustained. When a party moves to set aside a default and judgment upon the ground that the court had no jurisdiction over his person because there had been no

valid service of summons, he must carefully occupy that ground exclusively, and must keep out of court for all other purposes. The law upon the point, gathered from a long list of authorities cited, is correctly stated in volume 2 of the Encyclopedia of Pleading and Practice, section 625, as follows: "The principle to be extracted from the decisions on the subject as to when a special appearance is converted into a general one, is that where the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special appearance or not." (Citing a number of authorities.)

In *Lowe v. Stringham*, 14 Wis. 222, the court states the rule tersely as follows: "If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make that objection." In *Gilbert-Arnold Land Co. v. O'Hare*, 93 Wis. 194, the court say: "The settled rule is, that if a party desires to take advantage of want of service of process sufficient to give the court jurisdiction of his person, by moving to set aside the proceedings on that ground, he must appear specially for that purpose, and keep out of court for all others. (*Alderson v. White*, 32 Wis. 308.) If the motion be made to set aside the judgment on a ground inconsistent with the claim that it is void for want of jurisdiction of the person, as, for instance, for irregularity in entering the judgment, or because costs are excessive, or not warranted by the pleadings, or because of some fact or facts constituting a defense, as is said in *Alderson v. White, supra*, in effect such motion carries with it all objections to the jurisdiction of the court growing out of defective service or want of service of process on the persons of the defendants making the motion. It constitutes a submission on their part to the jurisdiction of the court, because the relief granted would be inconsistent with any other reasonable hypothesis."

In *Burdette v. Corgan*, 26 Kan. 102, the court say: "The motion to vacate the judgment recited that the parties specially appeared and moved to set aside the judgment as void for several reasons—among them that the petition of the plaintiff did

not state facts sufficient to uphold the judgment. . . . . In the first place, we remark that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment, not merely on jurisdictional but also on nonjurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion."

Numerous other decisions declaring the law as above stated could be cited from foreign jurisdictions, but this will be unnecessary because the same principle was declared by this court in *In re Clarke*, 125 Cal. 388. In that case Temple, J., delivering the opinion of the court, discussed the subject at some length, and, among other things, said: "On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material. (See 2 Ency. of Pl. & Pr. 625, notes and cases cited.)"

In the case at bar, the motion of appellant was based upon grounds other than a want of jurisdiction of the person, as, for instance, "that the complaint in said action does not state facts sufficient to constitute a cause of action against this defendant," which is in substance a demurrer to the complaint, and that the complaint does not pray for a judgment authorizing the sale of the shares of stock, that the summons does not conform to the complaint, et cetera. Therefore, upon the principles and authorities above stated and cited the court did not err in denying appellant's motions to vacate the judgment, et cetera.

Upon the appeal from the judgment the only point to be considered is whether the court erred in the disposition which it made of the shares of stock, upon the ground that the relief granted as to the stock was beyond that asked for in the complaint. We do not think that the contention of the appellant on this point can be maintained. It is true that in the formal prayer at the end of the complaint there is nothing said about the stock, although it is prayed that the plaintiff "have such other and further relief as to the court may seem lawful and proper"; but section 580 of the Code of Civil Procedure does not refer to any formal part of the complaint; it merely provides that where there has been no answer the relief granted shall not exceed that which the plaintiff "shall have demanded in his complaint." In the complaint all the facts about the giving of the shares of stock as additional security, and constituting with the mortgage of the land a part of the same transaction, are fully set out; and paragraph 12 of the complaint, in which all these facts are specifically stated, contains this clause: "That the said administratrix of the estate of George L. Joy, deceased, should be, by an order and decree of this court, directed to transfer and deliver up to this court, or to the clerk thereof, the said fourteen shares of stock of the said Temescal Water Company, so as to be subject to the further order of this court, and to disposition or sale under any decree made and entered herein." We think that this is a substantial and sufficient compliance with said section 580 of the code.

The judgments and orders appealed from in all the above entitled cases are affirmed.

Temple, J., and Henshaw, J., concurred.

On November 23, 1899, the court in Bank, on petition for rehearing, made the following order:

The COURT.—The judgments heretofore entered herein in the above causes are hereby modified by directing the superior court to strike from its judgment in said causes the direction therein for the sale of the capital stock of the Temescal Water Company.

The rehearing asked by the appellants is denied.