[S. F. No. 5194.   In Bank.—July 7, 1909.]

## G. B. OLCESE, Petitioner, v. JUSTICE'S COURT OF THE FIRST JUDICIAL TOWNSHIP, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, and C. H. HAYDEN, Justice of the Peace etc., Respondent.

CERTIORARI—DISCRETION IN ISSUING—RIGHT OF APPEAL.—*Certiorari* is not a writ of right, and the granting or refusing to issue it rests in the discretion of the court, and it will not be issued where the matter sought to be reviewed can be heard and determined on appeal.

ID.—RIGHT OF APPEAL TO COURT OTHER THAN ONE APPLIED TO FOR WRIT.—The provision of section 1068 of the Code of Civil Procedure, that a writ of review may be granted when an inferior tribunal, exercising judicial functions, has exceeded its jurisdiction and there is no appeal, is not limited to the case where no appeal lay to the court petitioned for *certiorari*, but where no appeal lay to a court of general common law jurisdiction, which could itself, in a proper case, issue the writ.

ID.—JURISDICTION OF SUPERIOR COURT—APPEAL FROM JUSTICE'S COURT ON QUESTIONS OF LAW—JURISDICTION OF PERSON OF DEFENDANT.— The superior court has the fullest common law and equity jurisdiction, and is vested by section 5 of article VI of the constitution, with power to issue the writ of *certiorari*, and has appellate jurisdiction, on an appeal on questions of law from a judgment of a justice's court entered on the default of the defendant, to determine the question of law whether or not the justice's court acquired jurisdiction over the person of the defendant.

ID.—AFFIRMANCE OF JUDGMENT OF JUSTICE'S COURT—CERTIORARI FROM SUPREME COURT TO REVIEW JUDGMENT OF JUSTICE'S COURT.—If, on such an appeal, the superior court affirms the judgment of the justice's court, the judgment of the superior court operates to estop the defendant from proceeding in the supreme court to review on *certiorari* the judgment of the justice's court. His proper method of redress is an application for a writ of *certiorari* to review the judgment of the superior court, from which the law has provided no appeal. So long as the judgment of the superior court stands unassailed, that judgment formally decreeing the validity of the judgment of the justice's court cannot be ignored nor in another proceeding swept aside.

ID.—GENERAL APPEARANCE—WAIVER OF DEFECT IN SERVICE OF SUMMONS.—A general appearance by a defendant, in an action in a justice's court, is a waiver of a defect in the service on him of the summons.

ID.—PLEA FOR LACK OF JURISDICTION OF PERSON—WAIVER OF DEFECT BY ASKING FOR OTHER RELIEF.—Pleas based upon lack of jurisdiction

of the person are in their nature pleas in abatement, and find no
especial favor in the law. Such a plea is purely dilatory, and a
defendant who seeks to avail himself of it must stand upon his
naked legal right, and seek nothing further from the court than the
enforcement of that right. If he raises any other question, or asks
for any relief which can be granted only upon the hypothesis that
the court has jurisdiction of his person, his appearance is general,
though termed special, and he thereby submits to the jurisdiction
of the court as completely as if he had been regularly served with
summons.

ID.—ACTION IN JUSTICE'S COURT—SERVICE OUTSIDE OF COUNTY—WAIVER
OF DEFECT BY DEMURRING TO JURISDICTION.—Where the complaint
in an action on contract in a justice's court is in all respects suffi-
cient to show jurisdiction in that court of the subject-matter of the
action, but fails to allege that the contract was in writing, service
of the summons upon the defendant, under section 848 of the Code
of Civil Procedure as amended in 1907, may not be had outside of
the county in which the action is brought. If, however, a defendant
served outside of such county, specially appears to quash the service
of the summons, and at the same time, by an appearance denomi-
nated special, demurs to the complaint on the ground that the court
has no jurisdiction of his person or of the subject-matter of the
action, he thereby waives the question of the jurisdiction of his per-
son, and submits himself to the jurisdiction of the court.

APPLICATION for a Writ of Certiorari to review a judg-
ment of the Justice's Court of the First Judicial Township,
County of Contra Costa.

The facts are stated in the opinion of the court.

William M. Cannon, for Petitioner.

C. H. Marks, for Respondent.

HENSHAW, J.—An action upon contract was brought in
the justice's court for the first judicial township of the county
of Contra Costa against petitioner Olcese. The complaint was
in all respects sufficient to show jurisdiction in the justice's
court of the subject-matter of the action. (Code Civ. Proc.,
sec. 832, subd. 7.) It failed to allege, however, that the
defendant's contract was in writing, and while, under the
provision of the code last above cited, jurisdiction of the
subject-matter is in the justice's court, whether the contract
be oral or in writing, yet, by the provisions of section 848

of the Code of Civil Procedure, as amended in 1907, service
upon the defendant may not be had outside of the county in
which the action is brought, unless the contract be in writing.
Service in this case was had upon the defendant in the city
and county of San Francisco. He appeared in the justice's
court by motion, supported by affidavit, to quash the service
of the summons for the reason above indicated, and at the
same time demurred, his demurrer reading as follows: "The
defendant in the above-entitled action, specially appearing
for said purpose, demurs to the complaint in said action on
the ground that the court has no jurisdiction of the person
of this defendant or of the subject-matter of said action.
Wherefore said defendant prays to be hence dismissed with
his costs herein incurred." The justice's court denied the
motion and overruled the demurrer, and this petitioner de-
clining to proceed further, judgment by default was entered
against him. From that judgment, in due time he prosecuted
his appeal to the superior court of the county of Contra Costa
upon questions of law. The superior court of Contra Costa
affirmed the judgment of the justice's court. Thereafter this
petitioner sued out *certiorari* to review the judgment, not of
the superior court, but of the justice's court. The first ques-
tion presented is whether or not petitioner has mistaken his
remedy; that is to say, whether his right to *certiorari*, if *cer-
tiorari* should be issued at all, is not limited to a review of
the judgment of the superior court; second, upon the merits
whether or not, conceding that petitioner was improperly
served in the city and county of San Francisco, his appear-
ance by demurrer did not constitute a general appearance so
as to waive the irregularity in the service of summons.

The constitution (art. VI, sec. 4) vested this court with
power to issue writs of *certiorari*. At the time this consti-
tutional provision was passed, it was well settled and well
understood that *certiorari* was not a writ of right, that the
granting or refusing to issue it rested in the discretion of
the court, and that by modern common-law usage and by the
rules laid down by the decisions of this state under its earlier
constitution, the writ would not be issued where the matter
sought to be reviewed could be heard and determined upon
appeal. "The remedy of defendant is by appeal and not by
writ of review. The latter lies only when the former does

not." (*People* v. *Shepard*, 28 Cal. 115; *Comstock* v. *Clemens*, 19 Cal. 80; *Clary* v. *Hoagland*, 13 Cal. 173.) When the judges declared that *certiorari* would not issue when there was an appeal, and when, following this, section 1068 of the Code of Civil Procedure provided that a writ of review may be granted when an inferior tribunal, exercising judicial function, has exceeded the jurisdiction of such tribunal and there is no appeal, this language was not limited to the case where no appeal lay to the court petitioned for *certiorari*, but where no appeal lay to a court of general common-law jurisdiction, such a court as could itself, in a proper case, issue *certiorari*. (*Comstock* v. *Clemens*, 19 Cal. 80.) That the superior court is such a court, with the fullest common law and equity jurisdiction, is not questioned, and moreover, it is a court which the constitution vests with power to issue this writ. (Art. VI, sec. 5.) By the same constitution is vested in the superior court appellate jurisdiction "in such cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law." The law has provided for an appeal such as was taken in this case from the justice's court to the superior court, with full power and jurisdiction in the latter court to determine the question of law whether or not the justice's court acquired jurisdiction over the person of the defendant. The complete controversy here presented for review was presented to the superior court, and by the judgment of that court of general jurisdiction was determined adversely to this petitioner's contention. The question which thus arises then is, May petitioner ignore a judgment of a court of general jurisdiction given upon this matter, and here seek by *certiorari* to have the judgment of the justice's court reviewed? or will the judgment of the superior court estop him from so proceeding, leaving open to him, as his proper method of redress, an application for a writ of *certiorari* from the judgment of the superior court, from which judgment the law had provided no appeal? We think beyond doubt that the judgment of the superior court so operates as an estoppel. It is the judgment of a court of general jurisdiction, fully empowered to pass upon the law and the facts. Having done so, the matter becomes *res judicata,* with all the binding force and effect by way of estoppel which attaches to every such judgment. It is no argument against this to say

that the effect is that the legislature deprives this court of its constitutional power to review under *certiorari* the judgment of a justice's court by providing that an appeal may be taken from such judgment to the superior court. *Certiorari* to check excesses in jurisdiction was not employed where there was an appeal. The right of appeal relieved from the necessity of and took away the right to *certiorari*. That the judgment of the superior court is in all respects a judgment by a competent court and one of general jurisdiction, is not questioned. It may not be ignored in any succeeding effort to assail the judgment of the justice's court. It raises an estoppel against any such effort until it itself shall be overthrown. This, since an appeal from it is denied, may be undertaken under *certiorari*. But so long as the judgment of the superior court stands unassailed, that judgment formally decreeing the validity of the judgment of the justice's court, cannot be ignored nor in another proceeding swept aside. The appeal from the judgment of the justice's court, heard and determined by the superior court, was in all respects the equivalent of a writ of error, and the application to this court for *certiorari* is but an attempt to obtain a second writ of error directed, not against the appellate judgment, but against the judgment of the justice's court upon matters adjudicated by a court of general jurisdiction under the first appeal or writ of error. It is well settled that this cannot be done. Says the supreme court of Massachusetts (*Hayes* v. *Collins,* 114 Mass. 54), "if the judgment upon the former petition had passed upon the merits, it might well be held to be a conclusive adjudication that the petitioner was not entitled to have the original judgment reviewed, just as the affirmance of the judgment upon a writ of error is held to be a bar to a second writ of error for any cause which existed at the time of that judgment." (*State* v. *Water Commissioners,* 30 N. J. L. 247; *Illingworth* v. *Rich,* 58 N. J. L. 507, [34 Atl. 757].)

Such are the general principles, and the recognized practice in such a case as this has been to seek a review of the judgment of the superior court. (*Sherer* v. *Superior Court,* 94 Cal. 354, [29 Pac. 716]; *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8].) This court has never recognized the right of a petitioner to a writ of *certiorari* to review the

judgment of a justice's court after appeal taken and deter-
mined in the superior court. It has reviewed the judgment of
a justice's court only under such exceptional circumstances
as those indicated in *Elder* v. *Justice's Court,* 136 Cal. 364,
[68 Pac. 1022], where petitioner's power to appeal was lost
by reason of the fact that he was never notified of the day
set for trial, or the rendition of judgment against him.

But if consideration be paid the merits of this controversy,
petitioner is not entitled to a judgment at our hands upon
*certiorari.* For, notwithstanding the alleged defect in the
service on him of the summons, if he made a general appear-
ance in the justice's court, he will be bound by that appear-
ance as having waived the informality of his summons. Pleas
based upon lack of jurisdiction of the person are in their
nature pleas in abatement and find no especial favor in the
law. They amount to no more than the declaration of the
defendant that he has had actual notice, is actually in court
in a proper action, but, for informality in the service of process,
is not legally before the court. It is purely a dilatory plea,
and when a defendant seeks to avail himself of it, he must,
for very obvious reasons, stand upon his naked legal right and
seek nothing further from the court than the enforcement of
that right. He will not be heard to ask of the court anything
further that an adjudication upon his plea, and if he does ask
anything further, then, by logic of the fact, he must neces-
sarily have waived the irregularity of his summons before the
court. Here is one reason for the well-settled rule that if a
defendant wishes to insist upon the objection that he is not
in court for want of jurisdiction over his person, he must
specially appear for that purpose only, and must keep out
for all purposes except to make that objection. Another
reason equally valid, is that if such defendant shall ask for
any relief other than that addressed to his plea, he is seeking
to gain an unconscionable advantage over his adversary,
whereby, if the determination of the court be in his favor he
may avail himself of it, while, if it be against him, he may
fall back upon his plea of lack of jurisdiction of the person.
So it is well settled that if a defendant, under such circum-
stances, raises any other question, or asks for any relief which
can only be granted upon the hypothesis that the court has
jurisdiction of his person, his appearance is general, though

termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons. (*In re Clark,* 125 Cal. 388, [58 Pac. 22]; *Security etc.* v. *Boston etc.,* 126 Cal. 418, [58 Pac. 941, 59 Pac. 296].) In the present case the defendant made his motion to quash the service of the summons. In this, his appearance was undoubtedly special, as he limited it solely to a request for this specific relief. But he also demurred to the jurisdiction of the court over his person and over the subject-matter of the action. In this case plainly a demurrer to the complaint for lack of jurisdiction over his person could not lie. If in any conceivable case it could lie, such a demurrer also would be treated as a special appearance. But here he went further and demurred to the jurisdiction of the court over the subject-matter of the action, a request for relief which the court could not grant him, saving upon the theory that he was regularly before the court. It was relief, moreover, independent and apart from his plea to the jurisdiction of the person, and, if successful, would have worked a dismissal of the action upon an entirely distinct legal ground. That in so demurring he waived the question of the jurisdiction of his person and submitted himself to the jurisdiction of the court is abundantly settled. (Code Civ. Proc., sec. 1014; *Zobel* v. *Zobel,* 151 Cal. 98, [90 Pac. 191]; 2 Ency. of Plead. & Prac., p. 625; 3 Cyc., p. 505.)

For the foregoing reasons the writ is discharged.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.

Beatty, C. J., dissented.