[Civ. No. 1536.   Third Appellate District.—June 13, 1916.]

J. WILLIAM ROBERTS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF STANISLAUS, Respondent.

Justice's Court—Venue—Service of Summons Outside County—Jurisdiction.—In an action to recover for services, where it appears by the complaint and is nowhere denied that the obligation sued on was incurred in the township and county where the action was brought, that the defendants, at the time the obligation was incurred, resided in said township and county, and (by necessary inference), if they resided in another county at the time the action was brought, departed from said township and county after the

obligation was incurred, that there was no special or other agreement in writing that the obligation was to be performed in any other place than in the township and county where it was incurred, under section 832 of the Code of Civil Procedure the court acquired jurisdiction of the action, and under section 848 of the same code service of summons outside the county in which the action was brought was properly made.

ID.—MOTION TO DISMISS COMPLAINT—EFFECT OF.—A motion to dismiss a complaint on the ground that the court is without jurisdiction of the subject matter of the action is substantially, or in legal effect, a demurrer to the complaint on that ground, or necessarily calls for relief which may be demanded only by a party to the record.

ID.—GENERAL APPEARANCE—WHAT CONSTITUTES.—In such a case, where the defendants appeared in the action and made a motion not to quash the summons, which was their proper remedy, but for a dismissal of the complaint on the ground that the court was without jurisdiction "over the persons of the defendants *and the subject matter of the litigation,*" their appearance was a general appearance, and they thereby submitted themselves to the jurisdiction of the court.

ID.—APPEARANCE—NATURE OF—RELIEF SOUGHT CONTROLS.—Where a party appears and asks for such relief, although expressly characterizing his appearance as special, and for the special purpose of objecting to the jurisdiction of the court over his person, he as effectually submits himself to the jurisdiction of the court as though he had legally been served with process. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material.

ID.—LACK OF JURISDICTION OF PERSON—PLEA IN ABATEMENT.—Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement and find no special favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process, is not legally before the court. Such a plea is purely a dilatory one, and when a defendant seeks to avail himself of it, he must stand upon his naked legal right and seek nothing further from the court than the enforcement of that right, and if he asks further relief, he waives the irregularity of his summons.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Review to annul a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

Walter E. Burke, for Petitioner.

Francis O. Hoover, and Cross & Hoover, for Respondent.

HART, J.—This is a petition for a writ of review.

The facts as shown by the petition are: On the nineteenth day of August, 1915, one S. N. McBride instituted an action in the justice's court of Modesto township, county of Stanislaus, jointly against the petitioner herein and his wife, Louise C. Roberts, for the recovery of the sum of $222.29, alleged to be due the plaintiff from the defendants in said action for services alleged to have been performed by the plaintiff "at the special instance and request of defendants and each of them in checking, leveling, cultivating, farming, and irrigating a tract of land belonging to the said defendants and located in the said township, county, and state." The complaint was in three different counts, each setting out the same cause of action in different forms and in each of which it was alleged: "That at the time defendants employed plaintiff to do said work and labor, and at the time said obligation was incurred, the said defendants and each of them resided in the said township, county, and state."

The petition here alleges that, upon the filing of the complaint in said action, "process issued, and petitioner who was one of the defendants in said complaint named, was served in the county of Los Angeles, state of California, on or about the twenty-sixth day of August, 1915."

It is further likewise alleged that "the defendants are not, and never were, residents of the township of Modesto, county of Stanislaus"; that thereafter, to wit, on the third day of September, 1915, counsel for the defendants in said action made what is termed in his written motion as a special appearance for said defendants "only for the purpose of objecting to the jurisdiction of the court over the persons of the defendants *and the subject matter of the litigation herein,*" and moved for a *dismissal of the complaint* "on the ground that prior to and at the time of the issuance of the summons herein, the defendants were and still are residents of Los Angeles, in the state of California, and that any contract to perform any obligation to the plaintiff herein was to be performed in the said county of Los Angeles, and that there is no special contract in writing to the contrary."

The said motion was supported by the affidavit of each of the defendants, deposing that they and each of them were residents of Los Angeles at and prior to the commencement of said action and the issuance of summons therein, and are still residents of said place, and "that any contract to perform any obligation to the plaintiff herein was to be performed in the county of Los Angeles, and there is no special contract in writing to the contrary."

In opposition to said motion and the affidavits of the defendants, the plaintiff in said action filed an affidavit in which he declared, as his complaint in effect alleged, that "the obligation sued upon herein was incurred in Modesto township, county of Stanislaus, . . . that all work therein referred to was performed in said township, . . . and that there is not, and never was, a special or any contract to the effect that said contract or the obligation herein sued upon was to be performed in any other place than the said Modesto township, . . . or that the money herein sued for should be paid in any other place."

On the fifteenth day of October, 1915, having overruled the motion to dismiss the action, and the defendants failing to answer the complaint, the justice's court rendered and entered judgment by default in favor of the plaintiff and against the defendants for the sum sued for, with interest and costs.

Thereafter, and within due time, the defendants took an appeal to the superior court of Stanislaus County from the judgment so entered. The appeal was upon questions of law alone, and was supported by a statement of the case.

On the ninth day of February, 1916, having heard the appeal, the superior court rendered its judgment affirming the judgment of the justice's court, and directed the justice of the peace to proceed to issue execution upon said judgment or to take such other action in the premises as might be legal and proper.

It is the judgment so rendered by the superior court which it is the object of this proceeding to have annulled and set aside on the ground that said court, in rendering it, acted in excess of its jurisdiction; the specific point being, that (so it is contended) inasmuch as the defendants resided in Los Angeles County and did not contract in writing to perform the obligation sued on at the place where the action was

brought, the service of summons upon the defendants in Los Angeles County or outside the county wherein the action was instituted was void and of no effect; that, therefore, the justice's court never acquired jurisdiction of the persons of the defendants, and that, as a consequence, the judgment entered against them by said court was *coram non judice;* that, of necessity, since the judgment appealed from was void, the superior court did not, and could not, acquire jurisdiction to review the case and enter a judgment therein.

The place of trial of actions commenced in justices' courts is fixed by section 832 of the Code of Civil Procedure. Therein it is provided, *inter alia:* "Actions in justices' courts must be commenced, and, subject to the right to change the place of trial, as in this chapter provided, must be tried: . . . 7. When a person has contracted to perform an obligation at a particular place, and resides in another county, township, or city—in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred is deemed to be the township or city in which it is to be performed, *unless there is a special contract in writing to the contrary."*

Section 848 of said code contains, among other provisions, the following: "The summons cannot be served out of the county wherein the action is brought, except in the following cases: . . . 4. In all cases where the defendant was a resident of the county when the action was brought, or when the obligation was incurred, and thereafter departed therefrom, in which event he may be served wherever he may be found."

Reading the foregoing sections together, in the light of the facts as they are presented by the record certified to this court, there is but one permissible conclusion to be arrived at here, viz., that the action was properly brought in the justice's court of Modesto township, in Stanislaus County, and that the summons was properly served on the defendants in Los Angeles County.

These facts are expressly and plainly made to appear by the complaint in the action and were nowhere or in no manner denied: That the obligation sued on was incurred in Modesto township, Stanislaus County; that the defendants, at the time the obligation was incurred, resided in said township and county, and (by necessary inference) if they resided in Los Angeles County at the time the action was brought, de--

parted from said township and county after the obligation was incurred; that there is or was no special or other agreement in writing that the obligation was to be performed in any other place than in Modesto township, in Stanislaus County, wherein it was incurred.

It follows from those facts and the code sections above mentioned that the justice's court not only had jurisdiction of the action, but, as above suggested, that the summons was properly and legally served upon the defendants in Los Angeles County. If this be not true under the facts as stated and as they appear here, then the provisions of the code to which we have referred are meaningless.

We do not believe that the court, in *Olcese* v. *Justice's Court,* 156 Cal. 82, [103 Pac. 317], intended to say anything which may be construed as in conflict with the conclusion arrived at here with respect to the meaning of the sections of the code above referred to. In that case, the action was brought in one of the judicial townships of Contra Costa County, and service of summons upon the defendant had in the city and county of San Francisco. The plaintiff, in the service of summons, proceeded upon the theory of subdivision 2 of section 848, *supra,* and undertook to defend the service upon the terms of said subdivision, which provides that "when the action is against a party who has contracted in writing to perform an obligation at a particular place, and resides in a different county," summons may be served in the county wherein he is found. The complaint in that case, however, did not allege that the contract upon which the action was brought was in writing, and the court held that, while jurisdiction of the subject matter of the action was in the justice's court (Code Civ. Proc., sec. 832, subd. 7), "yet, by the provisions of section 848 of the Code of Civil Procedure, as amended in 1907, service upon the defendant may not be had outside of the county in which the action is brought, unless the contract be in writing." The opinion in that case, so far as the question of the service of summons is concerned, merely deals with subdivision 2 of section 848, and does not declare, and we are sure did not intend to say, that if the defendant was a resident of the county wherein the action was brought at the time the obligation sued on was incurred and thereafter departed therefrom, service upon him could

not be had unless the contract from which such obligation arose was in writing.

There is, however, another answer to the petition for the relief sought herein, in that the defendants made a general appearance and so submitted themselves to the jurisdiction of the court. Their motion, as will be noted, was not to quash the summons, which was their proper remedy, but for a dismissal of the complaint on the ground that the court was without jurisdiction "over the persons of the defendants *and the subject matter of the litigation.*"

The motion to dismiss the complaint on the ground that the court was without jurisdiction of the subject matter of the action amounted, substantially or in legal effect, to a demurrer to the complaint on that ground. At all events, a motion to dismiss on the ground of want of jurisdiction of the subject matter of the action necessarily calls for relief which may be demanded only by a party to the record. It has been uniformly so held, as logically it could not otherwise be held, and, furthermore, that where a party appears and asks for such relief, although expressly characterizing his appearance as special and for the special purpose of objecting to the jurisdiction of the court over his person, he as effectually submits himself to the jurisdiction of the court as though he had legally been served with process. (*In re Clark*, 125 Cal. 388, [58 Pac. 22]; *Security Loan & Trust Co. etc.* v. *Boston & South R. F. Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296]; *MacClay Co.* v. *Meads*, 14 Cal. App. 363, [112 Pac. 195, 113 Pac. 364]; *Olcese* v. *Justice's Court*, 156 Cal. 82, [103 Pac. 317].)

"It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material." (2 Ency. Pl. & Pr. 625, notes and cases; *In re Clark*, 125 Cal. 388, 392, [58 Pac. 22].)

In *Security Loan & Trust Co.* v. *Boston & South R. F. Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296], above cited, it is said: "If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. If he raises any other question, or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though

termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons.''

In the Olcese case, the court, by Mr. Justice Henshaw, says: ''Pleas based upon lack of jurisdiction of the person are in their nature pleas in abatement and find no special favor in the law. They amount to no more than the declaration of the defendant that he has had actual notice, is actually in court in a proper action, but, for informality in the service of process, is not legally before the court. It is purely a dilatory plea, and when a defendant seeks to avail himself of it he must, for very obvious reasons, stand upon his naked legal right and seek nothing further from the court than the enforcement of that right. He will not be heard to ask of the court anything further than an adjudication upon his plea, and if he does ask anything further, then, by logic of the fact, he must necessarily have waived the irregularity of his summons before the court.''

For the reasons herein stated, the writ is discharged.

Chipman, P. J., and Ellison, J., *pro tem.*, concurred.