[Civ. No. 6110. Second Appellate District, Division Two.—August 4, 1928.]

MERTICE E. TAYLOR et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George I. Devor for Petitioners.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent Superior Court.

Joseph M. Bernstein for Respondents Alexander and Nathan.

THOMPSON (IRA F.), J.—This is an original petition seeking a writ of *supersedeas,* directed to respondent, staying the hearing of an appeal from the municipal court of Los Angeles to the Superior Court, entitled *Alexander et al.* v. *Taylor et al.* The unusual situation presented is as follows: Alexander and Nathan, copartners, recovered judgment in the municipal court against Taylor and his wife, defendants in that action and the petitioners here. The defendants appealed to the Superior Court, furnishing the regular undertaking on appeal. A motion was made to dismiss the appeal and denied on February 6, 1928. A second motion to dismiss was presented and denied on February 15, 1928. On the 10th of March, 1928, the judge of the municipal court who tried the action refused to settle the bill of exceptions on the ground that it had not been filed within the time required by law and on the 23d of March the defendants and petitioners here commenced a proceeding in *mandamus* to compel the municipal court judge to settle the bill. An alternative writ issued, but on April 9th the peremptory writ was denied and petitioners are prosecuting an appeal from that judgment, which appeal is now pending. The petition here alleges that the hearing of the appeal from the first judgment in the Superior Court was continued by that court from May 29th until June 1, 1928, in order that petitioners might present their application for the writ of *supersedeas.* It is also alleged that George Alexander and Mort Nathan are parties affected by the petition. The order made staying the proceedings required that copies be served not only upon the respondent court but also upon Alexander and Nathan. By way of return the respondent court sets forth that the appeal from the judgment denying the writ of mandate involves the interpretation of section 953d of the Code of Civil Procedure, and is, in the opinion of the judge signing the return, prosecuted in good faith. George Alexander and Mort Nathan have appeared by what they term a special appearance, making a motion to dismiss the order to show cause on the ground "that the court had no jurisdiction to issue the writ directed to the respondents or over the parties named therein." At the time of the oral argument Alexander and Nathan asked leave to file their demurrer and answer after the motion was

disposed of in the event it should be denied, and an order was made that the motion to dismiss, in so far as it applied to jurisdiction over the parties, would first be determined and if denied they would be given time to file a demurrer or answer or both.

We are therefore called upon to determine, first, whether the appearance which has been made by Alexander and Nathan is a special appearance in fact, or whether it is general and they have therefore submitted to the jurisdiction of the court. We have emphasized by quoting the exact language of their ground for dismissal because it therein appears, as it does from their argument, that they not only claim that this court has no jurisdiction over the parties, but also has no jurisdiction over the subject matter, i. e., "no jurisdiction to issue the writ." Under these circumstances we are constrained by a long line of authorities to hold that they have made a general appearance and have submitted to the jurisdiction of the court. In the case of *Roberts* v. *Superior Court,* 30 Cal. App. 714 [159 Pac. 465], where a similar motion was made, the court says: " . . . a motion to dismiss on the ground of want of jurisdiction of the subject matter of the action necessarily calls for relief which may be demanded only by a party to the record. It has been uniformly so held, as logically it could not otherwise be held, and, furthermore, that where a party appears and asks for such relief, although characterizing his appearance as special and for the special purpose of objecting to the jurisdiction of the court over his person he as effectually submits himself to the jurisdiction of the court as though he had been served with process. (*In re Clark,* 125 Cal. 388 [58 Pac. 22] ; *Security Loan & Trust Co., etc.,* v. *Boston & South R. F. Co.,* 126 Cal. 418 [58 Pac. 941, 59 Pac. 296] ; *MacClay Co.* v. *Meads,* 14 Cal. App. 363 [112 Pac. 195, 113 Pac. 364; *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317].)" And in *Security Loan & Trust Co.* v. *Boston & South R. F. Co., supra,* this apt sentence is found : "If a party defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection." (See, also, *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317] ; *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792].) In

this case it must be held that Alexander & Nathan responded to the orders served upon them by general appearance.

Motion denied, respondents Alexander and Nathan given five days from date within which to file their demurrer or answer.

• Craig, Acting P. J., concurred.

Presiding Justice Works did not participate on account of absence.