CORNELIUS VANDERBILT *et ux.*, appellants, *v.* THOMAS JOHNSON *et ux.*, appellees.

*Appeal from Alexander.*

By pleading to a declaration, after the overruling of a demurrer, the defendant waives his right to assign for error the decision of the Court upon the demurrer.

After an appearance in a cause, it is too late to complain of any irregularity in the service of process.

A party cannot, under the statute of 1837, assign for error the decision of a Circuit Court overruling a motion for a new trial, unless he excepts to such decision, and incorporates in his bill of exceptions, the affidavit or other grounds upon which the motion was predicated. It is not sufficient that the affidavit appears in the record, and that the record shows the motion was made and overruled.

(1) 1 Chit. Plead. 368, 399, 469.

THE proceedings in this cause, in the Alexander Circuit Court, were had at the May term, 1840, before the Hon. Walter B. Scates. Judgment was rendered for the plaintiffs, for $200 damages, and costs of suit, and the defendants appealed to this Court.

JAMES SHIELDS and JOHN DOUGHERTY, for the appellants, cited Sloo *v.* The State Bank of Illinois, 1 Scam. 428; 6 Bac. Abr. 659, 239; Clemson *et al. v.* Hamm, 1 Scam. 176; Walton *v.* The U. S., 9 Wheat. 651; 8 Johns. 355; 2 Tidd's Pract. 818.

D. J. BAKER and B. S. EDWARDS, for the appellees, cited Peck *v.* Boggess, 1 Scam. 281; Buckmaster *v.* Grundy, 1 Scam. 310; Nye *v.* Wright, 2 Scam. 222; 3 Blackf. 299; 8 Johns. 85; 13 Johns. 476–7; 14 Johns. 231.

TREAT, Justice, delivered the opinion of the Court:

The appellees, Johnson and wife, brought this action *for slander*, in the Johnson Circuit Court, against the appellants, Cornelius Vanderbilt and Jane, his wife. The return upon the summons was, "Executed 1st April, on Jane Vanderbilt, the other defendant not found. J. Fisher, Shff." At the April term, 1839, the cause was continued, and an *alias* summons issued against Cornelius Vanderbilt, on which the sheriff returned, "Executed Oct. 15, 1839. John Fisher, Shff." At the November term thereafter, the parties appeared, and on motion of the appellants, a change of venue was awarded to Alexander county. At the ensuing May term of the Alexander Circuit Court, the appellants entered their motion to quash the sheriff's return on the summons, which motion was overruled. The appellants then demurred to the declaration, and the Court overruled the demurrer. After the decision of the Court on the demurrer, the appellants pleaded not guilty, and the cause was tried by a jury, who found a verdict for the appellees. The appellants moved the Court for a new trial, which motion the Court denied, and rendered judgment on the verdict. There appears on the record an affidavit of one of the appellants, alleging newly discovered evidence.

The appellants assign for error,

*First.* The Court erred in overruling the demurrer;

*Second.* The Court erred in refusing to quash the sheriff's return;

*Third.* The Court erred in denying the motion for a new trial.

The first assignment of error is not well taken. If the Court erred in deciding upon the demurrer, the appellants should have abided its decision. By pleading to the declaration, after the overruling of the demurrer, they waived their right to assign the decision of the Court, as error. (1)

The second assignment of error is not tenable. It was decided

(1) Peck *v.* Boggess, 1 Scam. 284; Buckmaster *v.* Grundy, 1 Scam. 310.

by this Court, in Easton *et al. v.* Altum, (1) that an appearance cured all irregularity in the process. In this case, the appellants appeared, and on their motion the venue was changed, before objecting to the return of the sheriff. They should have made this objection at the first opportunity, and it comes too late after taking any other step in the cause.

The third assignment of error is equally untenable. It has been repeatedly decided by this Court, that an application for a new trial was addressed to the sound discretion of the Court, and its decision could not be assigned for error. The act of July 21st, 1837, (2) provides that " exceptions taken to opinions or decisions of the Circuit Courts, overruling motions in arrest of judgment, motions for new trials, and for continuance of causes, shall hereafter be allowed, and the party excepting, may assign for error any opinion so excepted to," &c. In the case before us, the grounds on which a new trial was asked for, do not appear. It is not shown that the affidavit copied in the record, was read on the motion for a new trial, nor that any exceptions were taken to the decision of the Court in refusing the motion. The appellants, to have brought themselves within this statute, should have excepted to the decision of the Court, and incorporated in their bill of exceptions the affidavit, and such other evidence as they relied on ; not having done this, they are now precluded from assigning the decision of the Court as error.

The judgment of the Court below is, therefore, affirmed with costs.

*Judgment affirmed.*

(1) 1 Scam. 250.          (2) Laws of July, 1837, 109; Gale. Stat. 540.