HERNAIZ, TARGA & CO., PLAINTIFFS AND RESPONDENTS, v. VIVAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an action of debt.

No. 1023.—Decided February 13, 1914.

SPECIAL ORDER—JUDGMENT BY DEFAULT.—The special order made after final judgment mentioned in subdivision 3 of section 295 of the Code of Civil Procedure is understood to be one which impairs a right in deciding a question, not at issue in the action nor decided by the final judgment, or is in contravention of the provisions of the judgment. In accordance with this definition the order appealed from in this case overruling a motion to set aside the judgment by default partakes of the character of a special order made after final judgment.

ID.—JUDGMENT BY DEFAULT—APPEAL.—Although the general rule is that orders refusing to set aside appealable orders or judgments are not appealable, there are exceptions to the said general rule, among which is that of an order refusing to set aside a judgment by default.

SPECIAL APPEARANCE—NATURE OF REMEDY.—The nature of the remedy sought when appearing before a court is what determines whether the appearance is special or general and not the intention of the party that his appearance have either character.

GENERAL APPEARANCE—CHANGE OF VENUE—DEFECT IN SUMMONS.—Construing the provisions of subdivision 3 of section 77 of the Code of Civil Procedure in relation to sections 81, 82 and 83 of the same code, the appearance of a defendant to move for a change of venue has the character of a general voluntary appearance notwithstanding the statement in his motion that he appeared "solely and exclusively" for that purpose, and therefore any defect in the summons was cured by the defendant himself.

CHANGE OF VENUE—JURISDICTION—WAIVER.—Filing an action in the wrong district is not a jurisdictional defect when the court has general jurisdiction over the subject-matter, and the statutes prescribing the place of trial merely confer a personal privilege which may be waived.

ID.—SUMMONS—JURISDICTION.—The defendant having moved for a change of venue to the district court of his domicile and his motion having been sustained, it is not necessary to summon said defendant anew. In that case the records should be forwarded in the condition in which they then are by the secretary of the court to the competent district court at the cost of the defendant and the latter court acquires jurisdiction the same as if the suit had originated in it.

ID.—JUDGMENT BY DEFAULT.—When a defendant moves for and obtains a change of venue to the district court of his domicile and allows the time fixed by law for demurring or answering the complaint to expire without exercising his right, his default may be entered at the instance of the plaintiff and judgment rendered against him in accordance with law.

The facts are stated in the opinion.

*Messrs. Alvarez Nava* and *Domínguez* for respondents.

*Mr. Manuel R. Rivera* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order refusing to set aside a judgment by default.

From the transcript of the record it appears that Hernaiz, Targa & Co., a mercantile firm domiciled in San Juan, filed a complaint in the District Court of San Juan, Section 1, against Roberto Vivas in an action of debt; that the summons was issued and served personally on the defendant on September 25, 1912, by the delivery to him of a copy thereof together with a copy of the complaint by "F. Carrera, marshal"; that the defendant appeared before the court "solely and exclusively" for the purpose of filing a motion alleging that he was a resident of Barros, judicial district of Ponce, and asking for the transfer of the case to the district court of his residence; that after the hearing on the motion the court, on October 24, 1912, with the consent of the plaintiffs, ordered the change of *venue* asked for by the defendant; that the plaintiffs filed in the District Court of Ponce a motion dated December 4, 1912, asking that default be entered against the defendant for his failure to answer the complaint, and that judgment be rendered; that the default was entered on December 10, 1912, and judgment as prayed for in the complaint was rendered and entered on the same day.

The case standing thus, the defendant filed in the District Court of Ponce on July 15, 1913, a motion to set aside the judgment of December 10, 1912, for the following reasons: (*a*) Because the summons was served by the marshal of the Municipal Court of Barros who had no authority to make the service; (*b*) because the copy of the summons which was served on the defendant was not a true copy of the original; (*c*) because the case having been transferred to Ponce, on the same day it was filed in that court default was entered against him and judgment rendered without notice or service of a new summons on the defendant; (*d*) because the

courts of San Juan and Ponce both acted without having acquired jurisdiction over the person of the defendant. The District Court of Ponce by its ruling of July 29, 1913, refused to set aside the judgment as asked for and from that decision of the court the present appeal was taken.

The first question to be considered and decided in this case is whether the order of July 29, 1913, is appealable.

Section 295 of the Code of Civil Procedure, as amended in 1905 and 1908, specifies the cases in which appeals may be taken to this court and reads as follows:

"Section 295.—An appeal may be taken to the Supreme Court from a district court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

A perusal of the section quoted above is sufficient to warrant the conclusion that the only part thereof which could apply to this case is that which provides that an appeal may be taken from "any special order made after final judgment."

In the case of *Ayoroa* v. *The Estate of Méndez et al.,* 10 P. R. R., 274, this court, following the doctrine laid down in the case of *Avalo Sánchez* v. *Estate of Díaz,* 9 P. R. R., 306, held that according to subdivision 3 of section 295 of

the Code of Civil Procedure a *special order* is understood to be one which impairs a right in deciding a question not at issue in the action nor decided by the final judgment, or which is in contravention of the provisions of the judgment.

If we apply the foregoing definition to this concrete case under consideration we must conclude that the order of July 29, 1913, is comprised within its terms, because although it is not in contravention of the judgment of December 10, 1912, undoubtedly it decides fundamental questions not at issue in the action.

In the case of *Ayaroa et al.* v. *Benítez,* 14 P. R. R., 434, this court, citing as a precedent the case of *Beach et al.* v. *Spokane Ranch & Water Company,* 21 Mont., 7, established the doctrine that as a general rule orders refusing to vacate previous appealable orders are not appealable.

And in the case of the *American Railroad Company of Porto Rico* v. *Quiñones,* 17 P. R. R., 247, in which this court dismissed an appeal taken by the defendant from an order of the District Court of Mayagüez refusing to set aside a judgment on the pleadings, which was rendered on the motion of the defendant himself, it was stated:

"The Supreme Court is without jurisdiction of an appeal from an order refusing to set aside a judgment or order itself appealable." (*Eureka, etc., R. R. Co.* v. *McGrath,* 74 Cal., 49; *in re Get Joung,* 90 Cal., 77, and other cases cited in Pomeroy, Codes of Cal., Ann. Civil Procedure, p. 939.)

"When a judgment or order is itself appealable the appeal must be taken from such judgment or order and not from a subsequent order to set it aside." (*Goyinech* v. *Goyinech,* 80 Cal., 409.)

Applying the general rule established, it must be held that no appeal lies from the order of July 29 refusing to vacate a judgment which was itself appealable. Nevertheless, it must be admitted that there are exceptions to the general rule. In the case of *The Fajardo Development Company* v. *Succession of Morfi,* 17 P. R. R., 1077, this court through Mr. Justice MacLeary expressed itself as follows:

"It is a general proposition that an appeal cannot be taken from a resolution of a court refusing to set aside an order which is itself appealable. But like all other general rules there may be exceptions to this in certain cases. It must not be overlooked that the order of May 8, 1911, was virtually a judgment by default rendered because the appellants had failed to file within a certain time objections to the cost bill. Although the plaintiff could have taken an appeal from this order it would have been very difficult to secure a full review on the supposed merits of the case and in such cases it has been permitted to move to set aside the default and in case of refusal to appeal from the resolution denying the motion. (*McCormick* v. *Belvin,* 96 Cal., 182; *De la Montanya* v. *De la Montanya,* 112 Cal., 101; *Pignaz* v. *Burnett,* 119 Cal., 157; *Thompson* v. *Alford,* 128 Cal., 227.)"

A careful study of the decisions on this point brings us to the conclusion that the circumstances attending each particular case have had much weight in the determination of whether or not it comes within the general rule or within the exception.

In our opinion the general rule is based on the fact that if the law grants a fixed time within which to appeal from an order or a judgment the appeal should be taken within that time, and it is not to be allowed that after the expiration of that period the court *a quo* be asked to set aside the order or judgment and if it refuse to do so an appeal may be taken to the Supreme Court, thus obtaining in this indirect manner perhaps a review of the case.

And the exception to the general rule so far as judgments by default are concerned is, in our opinion, based upon the fact that in some cases such judgments are obtained after the defendant has been summoned by publication and the time to appeal expires without the prejudiced party's really having any knowledge thereof, and that in other cases such judgments are rendered when the defendant has not been properly summoned and consequently without the court's having acquired jurisdiction.

In Kentucky it was held in the case of *Hermann* v. *Mar-*

*tin,* 21 Ky. L. Rep., 1396, 55 S. W., 429, cited in 2 Cyc., 590, that a default judgment without service of summons upon or entry of appearance by the defendant is null and void and may be reversed on appeal after a motion in the lower court to set aside the judgment has been overruled.

In California it was held in the case of *McCormick* v. *Belvin,* 96 Cal., 182, 183, without discussion, that an order overruling a motion to set aside a default judgment was appealable.

In this court in the case of *Vias* v. *Estate of Pérez et al.,* 15 P. R. R., 714, an appeal was prosecuted from an order of the District Court of Humacao refusing to set aside a default judgment. The case was heard on its merits and the order appealed from was reversed. The Supreme Court of California did likewise in the case of *Ward* v. *Ward,* 59 Cal., 139.

In Porto Rico at present and since section 2 of Act No. 70 of 1911 went into effect, notice of the judgment must be given to the losing party or his attorney. Can that fact affect the decision of this case?

In our opinion this fact strengthens the basis of the general rule that appeals should be taken from the orders and judgments originally appealable and not from the decisions refusing to set aside said orders and judgments, but it has no decisive influence upon the decision of this case because the motion to set aside the judgment was based upon a jurisdictional question. If the contention of the appellant should be sustained, it would be necessary to conclude that the District Court of Ponce had acted without jurisdiction and therefore that the judgment rendered was null and void notwithstanding the fact that the appeal therefrom allowed by law was not taken within the time fixed and in the proper manner.

In view of all the foregoing, the question of whether the order of July 29 is or is not appealable should be decided in the affirmative. Let us now study the grounds of said order in order to decide whether it should be reversed or affirmed.

In the case of *In re Clarke,* 125 Cal., 388, the Supreme Court of California laid down the following doctrine which it afterwards ratified in the case of *Security, etc., Co.* v. *Boston, etc., Co.,* 126 Cal., 418:

"On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material." See also the case of *Nisbit* v. *Clio Mining Company,* 2 Cal. App., 436.

Guided by the foregoing principles, we will examine the circumstances of this case.

As we have stated previously, the defendant having been summoned, he appeared before the District Court of San Juan alleging that he appeared solely and exclusively to move for a transfer of the case to the District Court of Ponce.

The District Court of San Juan granted his request—that is, the motion of the defendant was sustained and the case was transferred to the court of his domicile in the state in which it then stood—and in accordance with section 85 of the Code of Civil Procedure the secretary of the District Court of San Juan was required to transmit the record to the secretary of the District Court of Ponce at the cost of the party who made the motion and the District Court of Ponce acquired jurisdiction the same as if the case had been filed therein originally.

The appearance of the defendant moving for a transfer of the case to the District Court of Ponce has the character of a voluntary general appearance notwithstanding the word-

ing of his motion, and therefore if the summons contained any defect it was cured by the defendant himself and he is now estopped from repudiating his own acts. Section 98 of the Code of Civil Procedure; *Baisley* v. *Baisley,* 113 Mo., 544; 35 Am. St. Rep., 726; 4 Ill., 48; 3 Cyc., 508, 515; *Banco de Puerto Rico* v. *Estate of Font,* 14 P. R. R., 561.

Some confusion arises in these matters of submission to jurisdiction and change of *venue* by the fact that sections 76 and 77 of the Code of Civil Procedure are of a different origin from that of the code as a whole. Said sections are not included in the codes of California, Idaho and Montana.

If subdivision 3 of section 77 be examined separately there is no doubt that it might be concluded that as the defendant did nothing but move for a change of *venue* he did not submit himself to the jurisdiction of the District Court of San Juan. But if said section be examined in connection with sections 81, 82 and 83 of the same code it will be seen that the defendant in a case of this nature has no right to delay the suit indefinitely or to terminate it in the court where it was begun and require that the plaintiff begin the suit anew in the proper court; but it is his duty on appearing to answer or demur, or at any other proper time, to move for the transfer of the case, alleging in an affidavit that he resides in another judicial district, or the existence of some of the other reasons prescribed by the statute. In this way the defendant may secure an acknowledgment of his rights and the administration of justice will suffer no undue delay.

In the following cases, which should be consulted, this court has ruled upon questions referring to the transfer of cases and the submission of the parties: *Busó* v. *Borinquen Sugar Company,* 19 P. R. R., 337; *Carbonell* v. *Registrar of Property,* 17 P. R. R., 137; *Fajardo et al.* v. *Tió,* 17 P. R. R., 230; *Ponce & Guayama Railroad Company* v. *Antonetti et al.,* 17 P. R. R., 309; *Bayron et al.* v. *García et al.,* 17 P. R. R., 512; *Bithorn et al.* v. *Ball et al.,* 17 P. R. R., 549; *Porto Rican Leaf Tobacco Company* v. *Ereño et al.,* 16 P. R. R., 96; *Coll*

*et al.* v. *Rigo,* 16 P. R. R., 302; *Torres et al.* v. *Torres et al.,* 16 P. R. R., 334; *León* v. *Vázquez,* 16 P. R. R., 410; *Carbonell* v. *Registrar of Property,* 16 P. R. R., 415; *Antonetti et al.* v. *Foote,* 16 P. R. R., 562; *Nazario* v. *Registrar of Property,* 16 P. R. R., 635; *Río* v. *Vázquez,* 16 P. R. R., 768; *Arzuaga & Co.* v. *Aramburu,* 15 P. R. R., 165; *Sarie* v. *Porto Rican Leaf Tobacco Company,* 15 P. R. R., 190; *Veve et al.* v. *Fajardo Development Company,* 15 P. R. R., 563; *The People* v. *Paz,* 12 P. R. R., 98; *Ex parte García,* 11 P. R. R., 512; *Jiménez et al.* v. *Brenes,* 10 P. R. R., 124; *Abella* v. *District Court,* 10 P. R. R., 215; *González* v. *The People,* 10 P. R. R., 458; *Sobrinos de Ezquiaga* v. *Munítiz,* 8 P. R. R., 409; *Solá* v. *The Registrar,* 8 P. R. R., 205.

In like manner the commentaries on sections 396 and 397 of the Code of Civil Procedure of California by Pomeroy, pp. 141 *et seq.,* and the decisions cited therein should be consulted for the purpose of forming an exact idea regarding the time within which a motion for change of *venue* should be filed in the various cases enumerated in section 397, which is the same as section 83 of our code, and also to ascertain the requisites which should be contained in the affidavit of merits, etc.

Cyc. devotes the first 184 pages of volume 40 to the matter of change of *venue* and this should be consulted also for a study of this subject. It treats first of its nature, origin and scope; then of the place of trial as regards different States, or of interstate change of *venue;* then of the place of trial as between different counties or districts of the same State—that is, domestic or municipal change of *venue;* and lastly of change of *venue* generally.

There is a great difference, says Cyc. in volume 40, page 39, between the doctrine referring to domestic or municipal change of *venue* and the doctrine which refers to interstate change of *venue,* consisting in that the latter is based on the territorial limitation of jurisdiction while the former is concerned only with rules of procedure.

Continuing, Cyc., on pages 110 and 111 of volume 40, says that under statutes requiring actions to be brought in certain districts there are cases in which it is held that the question of locality affects the jurisdiction of the subject-matter and that the objection that a suit has been brought in the wrong county cannot be waived. Nevertheless, according to the best rule supported by the weight of authorities, the bringing of an action in the wrong district does not constitute a jurisdictional defect when the court has general jurisdiction over the subject-matter and the statutes which determine the place of trial simply confer a personal privilege which may be waived.

Further on (40 Cyc., 176) it is stated that a change of *venue* operates to divest the court making the order of any further jurisdiction in the case, but does not affect the proceedings previously had or prevent the court from making orders amending or correcting its record in regard to proceedings prior to the change of *venue*. The change also operates to invest the court to which the case is transferred with jurisdiction as full and complete as if the action had been brought in that court.

Finally, in 40 Cyc., 182, it is stated that the party who solicits a change of *venue* is in no position to object to any error or irregularity in the transfer or to a trial in the court to which he requested the case to be transferred unless said court is entirely without jurisdiction.

Having considered, then, the circumstances of the case and examined the jurisprudence applicable, it must be concluded: 1, that there was no need to summon the defendant anew when the case was transferred to the District Court of Ponce on his motion; 2, that any defect in the summons was cured by the appearance of the defendant to move that the case be transferred to the District Court of Ponce; 3, that the said defendant having failed to answer or demur in time, it is manifest that a default could be entered against him and

judgment rendered in accordance with the prayer of the complaint.

Now, the fact that on one and the same day the record was filed in the District Court of Ponce and a motion for the entry of default and rendition of judgment was made and sustained and in fact the default was entered and the judgment rendered, does not constitute perhaps a commendable practice. When a right sought to be recognized by the courts is clear, recourse should not be had to means which, if they cannot be considered as totally illegal, certainly leave an impression of surprise. Perhaps the defendant in this case, on learning of the judgment rendered, could have moved the District Court of Ponce to set aside the judgment by virtue of the powers conferred upon it by section 140 of the Code of Civil Procedure, but he did not do so, and now, after the expiration of the time fixed by the said section, the circumstances have changed and as a matter of law alone he has no right to the remedy sought.

The appeal should be dismissed and the order appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.