Hernaiz Targa & Co., Demandantes y Apelados, *v.* Vivas, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en un caso sobre cobro de cantidad de dinero.

No. 1023.—Resuelto en febrero 13, 1914.

Orden Especial Dictada Después de una Sentencia Definitiva—Sentencia en Rebeldía.—Se entiende por orden especial dictada después de una sentencia definitiva a los efectos del No. 3 del artículo 295 del Código de Enjuiciamiento Civil, aquella que lesiona un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, o que provee en contra de lo resuelto por la sentencia. De acuerdo con esta definición la orden apelada en este caso declarando sin lugar una moción solicitando la nulidad de la sentencia dictada en rebeldía, tiene el carácter de orden especial dictada después de una sentencia definitiva.

Orden Denegando la Anulación de una Sentencia en Rebeldía—Apelación.—Aunque la regla general es que no son apelables las órdenes denegando la anulación de órdenes o sentencias apelables por sí mismas, existen excepciones a dicha regla general, siendo una de ellas la del caso de una orden negándose a dejar sin efecto una sentencia dictada en rebeldía.

Comparecencia Especial—Norma para Determinarla.—La naturaleza del remedio que se solicita cuando se comparece ante una corte es lo que determina si la comparecencia es especial o general, y no la intención de la parte de que su comparecencia tenga uno u otro carácter.

Comparecencia Voluntaria General—Moción Pidiendo el Traslado de un Pleito—Subsanación de Defectos en el Emplazamiento.—Interpretando los preceptos del párrafo 3 del artículo 77 del Código de Enjuiciamiento Civil en relación con los artículos 81, 82 y 83 del mismo código, la comparecencia de un demandado solicitando el traslado de un pleito a otro distrito, no obstante haberse consignado en la moción que se comparecía "única y exclu-

sivamente'' con tal objeto, tiene el carácter de una comparecencia voluntaria general y en tal virtud si algún defecto pudiera tener el emplazamiento fué subsanado por el mismo demandado.

TRASLADO DE UN PLEITO—CAMBIO DE DISTRITO—JURISDICCIÓN.—El establecimiento de una acción en un distrito que no sea el propio, no constituye un defecto jurisdiccional cuando la corte tiene jurisdicción general sobre la materia, y los estatutos que determinan el lugar de la celebración del juicio meramente confieren un privilegio personal que puede ser renunciado.

ID.—COMPARECENCIA PARA PEDIR EL TRASLADO—NUEVO EMPLAZAMIENTO DEL DEMANDADO.—Pedido por el demandado el traslado de un pleito a la corte de distrito de su domicilio y declarada con lugar la petición, no es necesario emplazar nuevamente al dicho demandado. Los autos en tal caso deben remitirse en el estado en que se encuentren por el secretario de la corte, a costa del demandado, a la corte de distrito competente, y ésta adquiere igual jurisdicción que si el pleito se hubiera originado en ella.

ID.—SENTENCIA EN REBELDÍA.—Cuando un demandado solicita y obtiene el traslado de un pleito a la corte de distrito de su domicilio y deja pasar el tiempo concedido por la ley para formular excepciones o contestar la demanda sin ejercitar su derecho, puede anotarse su rebeldía a instancias del demandante y dictarse sentencia en su contra de acuerdo con la ley.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. Alvarez Nava y Domínguez.*

Abogado del apelante: *Sr. Manuel A. Rivera.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra una orden por virtud de la cual se negó la anulación de una sentencia dictada en rebeldía.

De la transcripción de los autos aparece que Hernaiz, Targa & Cía, una sociedad mercantil domiciliada en San Juan, presentó una demanda en la Corte de Distrito de San Juan, sección 1ª., en cobro de dinero, contra Roberto Vivas. Que expedido el emplazamiento, fué notificado personalmente al demandado el 25 de septiembre de 1912 con entrega de copia del emplazamiento y de la demanda, por F. Carreras, márshal. Que el demandado presentó una moción a la corte ''única y exclusivamente'' para alegar que era vecino de Barros, distrito judicial de Ponce, y para solicitar el traslado del pleito al distrito de su vecindad. Que celebrada la vista de la moción, la parte demandante se allanó y la corte el 24

de octubre de 1912 decretó el traslado solicitado por el demandado.  Que la parte demandante presentó en la Corte de Distrito de Ponce una moción fechada el 4 de diciembre de 1912 pidiendo que se anotara la rebeldía del demandado por no haber contestado la demanda y que se dictara sentencia.  Y que la rebeldía se anotó el 10 de diciembre de 1912 y la sentencia concediendo lo pedido en la demanda se dictó y registró en la misma fecha.

Así las cosas, el demandado presentó a la Corte de Distrito de Ponce el 15 de julio de 1913 una moción solicitando la nulidad de la sentencia de 10 de diciembre de 1912: (*a*) porque el emplazamiento fué diligenciado por el Márshal de la Corte Municipal de Barros que no tenía autoridad para ello; (*b*) porque la copia del emplazamiento que se entregó al demandado no lo era literal de su original; (*c*) porque trasladado el pleito a Ponce, el mismo día de su radicación, sin notificación ni nuevo emplazamiento al demandado, se anotó su rebeldía y se dictó la sentencia, y (*d*) porque ambas cortes, la de San Juan y la de Ponce actuaron sin haber adquirido jurisdicción sobre la persona del demandado.  La Corte de Distrito de Ponce, por resolución de 29 de julio de 1913, negó la nulidad solicitada y contra esa resolución de la corte se interpuso el presente recurso de apelación.

La primera cuestión que debe considerarse y resolverse en este caso es la de si la orden de 29 de julio de 1913 es o nó apelable.

El artículo 295 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1905 y 1908, regula los casos en que puede apelarse para ante esta Corte Suprema y, copiado a la letra, dice así:

"Artículo 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediere de trescientos dollars.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en secretaría."

Basta leer el precepto legal transcrito para concluir que la única parte del mismo que pudiera ser aplicable a este caso es aquella que dispone que podrá establecerse el recurso contra "una providencia especial dictada después de una sentencia definitiva."

Esta Corte Suprema de Puerto Rico en el caso de *Ayoroa* v. *Sucesión Méndez,* 13 D. P. R., 286, 290, invocando lo decidido en el de *Avalo Sánchez* v. *Sucesión Díaz,* resolvió que a los efectos del número 3 del artículo 295 del Código de Enjuiciamiento Civil, se entiende por *providencia especial* aquella que lesiona un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, o que provee en contra de lo resuelto por la sentencia.

Si aplicamos la anterior definición a este caso concreto que estamos considerando, tendremos que concluir que la orden de 29 de julio de 1913 está comprendida dentro de sus términos, porque si bien nada proveyó en contra de la sentencia de 10 de diciembre de 1912, es lo cierto que resuelve cuestiones fundamentales que no fueron discutidas en el pleito.

En el caso de *Ayoroa et al.* v. *Benítez,* 14 D. P. R., 446, 448, esta Corte Suprema, citando como precedente el de *Beach et al.* v. *Spokane Ranch and Water Co.,* 21 Mont., 7, estable-

ció que, como regla general, no son apelables las órdenes dene-
gatorias de otras anteriores apelables.

Y en el de *The American Railroad Company of Porto Rico
v. Quiñones,* 17 D. P. R., 261, 264, en el cual se desestimó una
apelación interpuesta por el demandado contra una orden de
la Corte de Distrito de Mayagüez negándose a dejar sin efecto
una sentencia sobre las alegaciones dictada a petición del
mismo demandado, se dijo: "La Corte Suprema no tiene ju-
risdicción para conocer de una apelación de una orden rehu-
sando anular una sentencia u orden apelables." *Eureka, etc.,
Railroad Co. v. McGrath,* 74 Cal., 49; *In re Get Young,* 90
Cal., 77, y otros casos citados en Pomeroy, Codes of Cal. Ann.,
Civil Procedure, pág. 939. "Cuando la sentencia u orden son
apelables por sí mismas, la apelación debe establecerse contra
la sentencia o la orden, y no contra una orden subsiguiente
rehusando anularlas." *Goyhinech v. Goyhinech,* 80 Cal., 409.

Aplicando la regla general establecida, sería necesario re-
solver que no cabe apelar contra la orden de 29 de julio que
negó la anulación de una sentencia apelable por sí misma.
Sin embargo es necesario reconocer que dicha regla general
tiene excepciones. En el caso de *The Fajardo Development
Company v. Sucesión Morfi,* 17 D. P. R., 1120, 1122, esta misma
corte, por medio de su Juez Sr. MacLeary, se expresó así:
"Es una proposición general que no se puede apelar de la
resolución de una corte por la que ésta se niega a dejar sin
efecto una orden que es apelable por sí. Pero, puede ser que
esta regla general, a semejanza de todas las demás, tenga
excepciones en ciertos casos. No debe olvidarse que la orden
de 8 de mayo de 1911 era virtualmente una sentencia dictada
en rebeldía, porque los apelantes habían dejado de presen-
tar dentro de cierto período sus objeciones contra el memo-
rándum de costas. Aunque los demandantes pudieran haber
interpuesto recurso de apelación contra dicha orden, habría
sido muy difícil conseguir la completa revisión del caso, en
virtud de los supuestos méritos del mismo, y, en tales casos,
se ha permitido que se presente una moción solicitando que

se deje sin efecto la rebeldía, y que en el caso de una negativa, se apele de la resolución denegando la moción.'' *McCormick* v. *Belvin,* 96 Cal., 182; *De la Montanya* v. *De la Montanya,* 112 Cal., 101; *Pignaz* v. *Burnett,* 119 Cal., 157; *Thompson* v. *Alford,* 128 Cal., 227.

Un estudio detenido de las decisiones sobre la materia nos lleva a la conclusión de que las circunstancias concurrentes en cada caso concreto han influído mucho en la determinación de si está o nó comprendido dentro de la regla general o dentro de la excepción.

El fundamento de la regla general descansa, a nuestro juicio, en el hecho de que si la ley concede un término fijo para apelar de una orden o sentencia, debe establecerse la apelación dentro de dicho término, y no permitirse que después de vencido se acuda a la corte *a quo,* se pida la nulidad de la orden o sentencia, y, si no se logra, se pueda apelar a la Corte Suprema, obteniendo por ese medio indirecto tal vez la revisión del caso.

Y el fundamento de la excepción a la regla general descansa, en lo que se refiere a sentencias en rebeldía, a nuestro juicio, en que en algunos casos tales sentencias se obtienen habiéndose emplazado al demandado por edictos y pasa el término para apelar sin que en realidad de verdad la parte perjudicada tenga conocimiento de ellas, y en otros, tales sentencias se dictan sin haberse emplazado debidamente al demandado y sin haber, por tanto, adquirido jurisdicción la corte.

En Kentucky, en el caso de *Hermann* v. *Martin,* 21 Ky. L. Rep., 1396; 55 S. W., 429, citado en 2 Cyc., 590, se resolvió que una sentencia en rebeldía, sin que se haya hecho el emplazamiento o registrado la comparecencia por el demandado, es nula y puede ser revocada en apelación después que haya sido desestimada la moción que se presente a la corte inferior solicitando que se deje sin efecto la sentencia.

En California, concretamente, sin argumentación alguna, en el caso de *McCormick* v. *Belvin,* 96 Cal., 182, 183, se deci-

dió que una orden denegando una moción para dejar sin efecto una sentencia en rebeldía, era apelable.

Y en esta misma Corte Suprema de Puerto Rico, en el caso de *Vías* v. *Sucesión Pérez*, 15 D. P. R., 732, se tramitó un recurso de apelación interpuesto contra una orden de la Corte de Distrito de Humacao negándose a dejar sin efecto una sentencia en rebeldía, se entró en el fondo del asunto y se revocó la orden apelada. De igual modo procedió la Corte Suprema de California en el caso de *Ward* v. *Ward*, 59 Cal., 139.

El hecho de que en Puerto Rico en la actualidad y a partir de la vigencia de la sección 2 de la ley número 70 de 1911, se notifique a la parte perjudicada, o a su abogado, la sentencia que se dicte, ¿podrá influir en la decisión de este caso?

A nuestro juicio tal hecho afirma aún más el fundamento de la regla general de que las apelaciones deben establecerse contra las órdenes y sentencias originalmente apelables y no contra las resoluciones negándose a anular dichas órdenes y sentencias, pero no influye de modo decisivo en la decisión de este caso por haberse solicitado la nulidad de la sentencia basándose en una cuestión jurisdiccional. Si se sostiene la contención del apelante, sería necesario concluir que la Corte de Distrito de Ponce había actuado sin jurisdicción y por tanto que la sentencia dictada era nula no obstante haberse dejado de interponer contra ella en tiempo y forma el recurso de apelación autorizado por la ley.

A virtud de todo lo expuesto la cuestión de si la orden de 29 de julio es o nó apelable, debe resolverse en la afirmativa. Estudiaremos ahora los fundamentos de dicha orden para resolver si debe revocarse o confirmarse.

En el caso *In re Clarke*, 125 Cal., 388, la Corte Suprema de California estableció la siguiente doctrina que luego ratificó en el de *Security, etc., Co.* v. *Boston, etc., Co.*, 126 Cal., 418: ''En principios generales, la alegación de que una parte comparece ante la corte especialmente para un fin determinado, no tiene consecuencia alguna. Si al comparecer lo hace con el solo fin de oponerse a que la corte considere el caso

o a que tenga lugar algún procedimiento en el mismo, basado
en que la corte no ha adquirido jurisdicción sobre la persona
del demandado, la comparecencia tiene un carácter especial
y ninguna declaración en ese sentido es necesaria en la noti-
ficación ó moción, o tendría algún efecto en el caso de que
se hiciere. Por el contrario si comparece y solicita algún
remedio que sólo puede concederse a una parte en un caso
pendiente, o que constituya un procedimiento regular del caso,
la comparecencia tiene un carácter general a pesar de que
especialmente se afirme en la misma lo contrario. Es la natu-
raleza del remedio que se solicita lo que hay que considerar,
y no la intención de la parte de que su comparecencia tenga
o nó el carácter de una comparecencia general.'' Véase tam-
bién el caso de *Nisbet* v. *Clio Mining Co.*, 2 Cal. App., 436.

Guiados por los anteriores principios, examinemos las cir-
cunstancias de este caso.

Como hemos consignado anteriormente, emplazado el de-
mandado, compareció ante la Corte de Distrito de San Juan
alegando que lo hacía única y exclusivamente para solicitar
el traslado del pleito a la Corte de Distrito de Ponce.

La Corte de Distrito de San Juan, accedió a lo solicitado,
esto es, la pretensión del demandado fué declarada con lugar
y el pleito trasladado a la corte de su domicilio en el estado
en que se encontraba y, de acuerdo con la ley, artículo 85
del Código de Enjuiciamiento Civil, el secretario de la Corte
de Distrito de San Juan debió remitir los autos al Secretario
de la Corte de Distrito de Ponce a costa de la parte que hizo
la solicitud, y la Corte de Distrito de Ponce adquirió igual
jurisdicción que si el caso se hubiera promovido en ella.

La comparecencia del demandado solicitando el traslado
del pleito a la Corte de Distrito de Ponce, no obstante las pala-
bras empleadas en su escrito, tiene el carácter de una compa-
recencia voluntaria general y en tal virtud si algún defecto
pudiera contener el emplazamiento, fué subsanado por el
mismo demandado que está ahora impedido de volver contra
sus propios actos. Artículo 98 del Código de Enjuiciamiento

Civil; *Baisley* v. *Baisley,* 113 Mo., 544; 35 Am. St. Rep., 726; 4 Ill., 48; 3 Cyc., 508, 515; *Banco de Puerto Rico* v. *Sucesión Font,* 14 D. P. R., 583.

Introduce alguna confusión en estas materias de sumisión y de traslado el hecho de que los artículos 76 y 77 del Código de Enjuiciamiento Civil son de origen distinto a la totalidad del código. Dichos artículos no figuran en los Códigos de California, Idaho y Montana.

Si el número 3 del artículo 77 se examina aisladamente, es indudable que podría concluirse que, habiéndose el demandado limitado a pedir el traslado del pleito, no se había sometido a la jurisdicción de la Corte de Distrito de San Juan. Pero si dicho artículo se examina en relación con el 81, el 82 y el 83 del mismo código, se verá que el demandado en un caso de esta naturaleza no tiene derecho a dilatar indefinidamente el pleito o a terminarlo en la corte en que se comenzó y hacer que se inicie de nuevo por el demandante en la corte competente, sino que debe, al comparecer a contestar o a formular excepciones o en cualquier otra oportunidad que fuera procedente, pedir el traslado del pleito alegando por medio de declaración jurada que reside en otro distrito judicial o que concurre alguna de las otras circunstancias que la ley prescribe. De esta manera el demandado puede lograr el reconocimiento de su derecho, sin que sufra dilación alguna indebida la administración de la justicia.

Esta Corte Suprema ha tratado en las siguientes decisiones que deben consultarse, sobre cuestiones que se relacionan con la traslación de pleitos y la sumisión de las partes: *Busó* v. *Borinquen Sugar Co.,* decidido el 8 de abril de 1913; *Carbonell* v. *El Registrador de la Propiedad,* 17 D. P. R., 149; *Fajardo et al.* v. *Tió,* 17 D. P. R., 246; *Ponce & Guayama Railroad Co.* v. *Antonetti et al.,* 17 D. P. R., 326; *Bayron* v. *García et al.,* 17 D. P. R., 545; *Bithorn et al.* v. *Ball et al.,* 17 D. P. R., 581; *Porto Rican Leaf Tobacco Co.* v. *Ereño et al.,* 16 D. P. R., 103; *Coll et al.* v. *Rigo,* 16 D. P. R., 322; *Torres et al.* v. *Torres et al.,* 16 D. P. R., 354; *León* v. *Váz-*

*quez,* 16 D. P. R., 433; *Carbonell* v. *El Registrador de la Propiedad,* 16 D. P. R., 438; *Antonetti et al.* v. *Foote et al.,* 16 D. P. R., 594; *Nazario* v. *El Registrador de la Propiedad,* 16 D. P. R., 669; *Río* v. *Vázquez,* 16 D. P. R., 809; *Arzuaga & Cía.* v. *Aramburu,* 15 D. P. R., 181; *Sarié* v. *Porto Rican Leaf Tobacco Co.,* 15 D. P. R., 208; *Veve et al.* v. *The Fajardo Development Co.,* 15 D. P. R., 583; *El Pueblo* v. *Paz,* 12 D. P. R., 104; *Ex parte García,* 11 D. P. R., 534; *Giménez et al.* v. *Brenes,* 10 D. P. R., 134; *Abella* v. *La Corte de Distrito,* 10 D. P. R., 227; *González* v. *El Pueblo,* 10 D. P. R., 492; *Sobrinos de Ezquiaga* v. *Munitiz,* 8 D. P. R., 435; *Solá* v. *El Registrador,* 8 D. P. R., 215.

Deben consultarse de igual modo los comentarios a las secciones 396 y 397 del Código de Enjuiciamiento Civil de California, por Pomeroy, pág. 141 y siguientes, y las decisiones en ellos citadas, a los efectos de formar un concepto exacto con respecto al tiempo en que debe presentarse la solicitud de traslado en los varios casos del artículo 397, igual al 83 de nuestro código, a los requisitos que debe contener el *affidavit* de méritos, etc.

También debe examinarse Cyc. que dedica las primeras 184 páginas de su tomo 40 a estudiar la materia de cambios de lugar de juicios, tratando primero de su naturaleza, origen y alcance; luego del lugar del juicio en lo que respecta a diferentes Estados, o sea del traslado entre Estados; luego del lugar del juicio en lo que respecta a diferentes condados o distritos de un mismo Estado, o sea del traslado doméstico o municipal, y, por último, del cambio de lugar del juicio en general.

Hay una gran diferencia, dice, (40 Cyc., 39) entre la doctrina referente al traslado doméstico o municipal y la que se refiere al traslado entre Estados, consistente en que la última se funda en la limitación territorial de jurisdicción mientras que la primera versa solamente sobre reglas de procedimiento.

Luego expresa (40 Cyc., 110, 111), que bajo estatutos que

exigen que las acciones se establezcan en determinados distritos, hay casos en los que se sostiene el principio de que la cuestión de localidad afecta a la jurisdicción sobre la materia y que la objeción de haber establecido un pleito en un condado que no es el propio, no puede ser renunciada. Sin embargo, según la mejor regla sostenida por el peso de las autoridades, el establecimiento de una acción en un distrito que no sea el propio, no constituye un defecto jurisdiccional cuando la corte tiene jurisdicción general sobre la materia, y los estatutos que determinan el lugar de la celebración del juicio meramente confieren un privilegio personal que puede ser renunciado.

Más adelante consigna (40 Cyc., 176), que el cambio de lugar del juicio produce el efecto de privar a la corte que dicta la orden de traslado de seguir teniendo jurisdicción del caso, pero no afecta a los procedimientos habidos anteriormente, ni impide que la corte dicte órdenes enmendando o corrigiendo sus autos con respecto a los procedimientos anteriores al traslado. El cambio también produce el efecto de conferir a la corte a donde se traslada el caso, jurisdicción tan amplia y completa como si la acción se hubiera originado en ella.

Y establece por último (40 Cyc., 182) que la parte que solicita el traslado del juicio no está en condiciones de oponerse a cualquier error o irregularidad en la traslación del mismo, o a que se celebre el juicio en la corte a donde pidió que fuera trasladado, a menos que dicha corte careciere enteramente de jurisdicción.

Estudiadas, pues, las circunstancias del caso y examinada la jurisprudencia aplicable, es necesario concluir: 1°., que no había necesidad de emplazar nuevamente al demandado cuando el pleito fué trasladado a su instancia a la Corte de Distrito de Ponce; 2°., que cualquier defecto que pudiera tener el emplazamiento quedó subsanado por la comparecencia del demandado al pedir el traslado del pleito a la Corte de Distrito de Ponce; y 3°., que habiendo dejado el dicho deman-

dado de contestar o formular excepciones en tiempo, es bien claro que pudo anotarse su rebeldía y dictarse sentencia en contra suya de acuerdo con lo pedido en la demanda.

Ahora bien, el hecho de que en un solo y mismo día se archivaran los autos en la Corte de Distrito de Ponce, se solicitara la rebeldía y la sentencia y se anotara en efecto la rebeldía y se dictara la sentencia, tal vez no constituya una práctica recomendable. Cuando el derecho cuyo reconocimiento se pide a los tribunales es claro, no debe recurrirse a medios que si bien no puede afirmarse que sean totalmente ilegales, es lo cierto que dejan la impresión de la sorpresa. Tal vez el demandado en este caso al enterarse de la sentencia dictada, pudo pedir a la Corte de Distrito de Ponce, que usando de las facultades que le confería el artículo 140 del Código de Enjuiciamiento Civil, dejara sin efecto la sentencia, pero no lo hizo así, y ahora, después de transcurrido el plazo que dicho artículo señala, las circunstancias varían y como materia de ley solamente no tiene derecho al remedio solicitado.

Debe declararse sin lugar el recurso y confirmarse la orden apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.