FINLAY WAYMOUTH & LEE, INC., demandante y apelada, *v.* JOSÉ N. QUIÑONES, demandado y apelante.

No. 4067.—*Visto:* Diciembre 20, 1926. *Resuelto:* Febrero 25, 1927.

APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—FINALIDAD DE LA RESO- LUCIÓN—PROVIDENCIAS ESPECIALES DICTADAS DESPUÉS DE SENTENCIA—ORDEN DEJANDO SIN EFECTO UNA SENTENCIA.—Una orden dejando sin efecto una sentencia dictada por abandono es una providencia especial dictada después de sentencia definitiva y por tanto apelable de acuerdo con el inciso 3 del artículo 295 del Código de Enjuiciamiento Civil.

MOCIÓN sobre desestimación de apelación presentada por la apelada. *Sin lugar.*

*José N. Quiñones,* abogado del apelante; *Carlos J. Tórres,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Finlay Waymouth & Lee, Inc., demandaron en la Corte de Distrito de San Juan a José N. Quiñones, en cobro de pesos. Contestó el demandado. Se señaló la vista del pleito para determinado día. No compareció el demandante y la corte, a instancias del demandado, dictó sentencia desestimando la demanda.

Así las cosas, pidió el demandante que se dejara sin efecto la sentencia porque su falta de comparecencia se debió a haberle sido imposible a su abogado llegar a tiempo por el motivo que expuso. Oyó la corte a ambas partes y finalmente dictó una orden dejando sin efecto la sentencia.

No conforme el demandado apeló de la orden para ante este tribunal y radicados los autos de la apelación el demandante presentó una moción solicitando la desestimación del recurso porque la orden apelada no es una sentencia definitiva.

Se oyó a ambas partes sobre la moción y el caso quedó sometido a nuestra consideración y resolución sin el beneficio de argumento o cita de autoridades por escrito de ninguna especie.

Es bien claro que la orden apelada no es una senten-

cia definitiva, pero el hecho de que no lo sea no es motivo por sí sólo para desestimar la apelación.

El número tercero del artículo 295 del Código de Enjuiciamiento Civil otorga el recurso de apelación de muchas resoluciones que no son sentencias definitivas, entre ellas de "una providencia especial dictada después de sentencia definitiva."

En este caso la sentencia que se dictó por abandono era definitiva. Por ella quedaba el pleito resuelto. ¿Constituye la orden dejándola sin efecto una providencia especial dictada después de sentencia definitiva?

No se trata de una orden rehusando anular una sentencia u orden apelables por sí mismas, en cuyo caso hemos decidido que no cabe apelación porque el recurso debe establecerse contra la sentencia u orden apelables (*Am. R. R. Co.* v. *Quiñones,* 17 D.P.R. 261, 263), con las excepciones a que se refiere el caso de *Hernaiz, Targa y Co.* v. *Vivas,* 20 D. P.R. 106, 110.

Por el contrario, a virtud de la orden apelada se anuló la sentencia que se había dictado en el pleito, privándose a la parte apelante de un derecho que había adquirido. Si esta Corte Suprema resolviera que la corte de distrito había procedido ilegalmente o había abusado de su discreción al dejar sin efecto su anterior sentencia, ello solo bastaría para que el fallo anterior quedara restablecido y el pleito de nuevo terminado en su primera instancia.

Las anteriores consideraciones colocan claramente la orden apelada dentro del concepto de una orden especial dictada después de sentencia expresado por este tribunal desde hace muchos años, según resulta del siguiente párrafo que copiamos de la citada decisión en el caso de *Hernaiz, Targa y Co., supra:*

"Esta Corte Suprema de Puerto Rico en el caso de Ayoroa v. Sucesión Méndez, 13 D.P.R. 286, 290, invocando lo decidido en el de *Avalo Sánchez* v. *Sucesión Díaz,* resolvió que a los efectos del

número 3 del artículo 295 del Código de Enjuiciamiento Civil, se entiende por *providencia especial* aquella que lesiona un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, o que provee en contra de lo resuelto por la sentencia.'' 20 D.P.R. 109.

*Debe declararse no haber lugar a desestimar la apelación interpuesta.*