ERNESTO FERNANDO SCHLÜTER, demandante y apelado, *v.* VICENTE SOTO SAMALOT y ENCARNACIÓN VÉLEZ, demandados y apelantes.

No. 4468.—*Visto:* Enero 9, 1928. *Resuelto:* Mayo 8, 1928.

*H. Torres Solá,* abogado de los apelantes; *E. Campos del Toro,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita en este caso la desestimación del recurso por no ser apelable la orden recurrida.

En la Corte de Distrito de San Juan se siguió un procedimiento ejecutivo hipotecario por Schlüter contra Soto y su esposa. La finca hipotecada se adjudicó finalmente al demandante.

No habiendo podido el adjudicatario obtener que los demandados le entregaran la finca en cuestión, solicitó y obtuvo de la corte una orden que lee como sigue:

"Vista la moción que precede y los autos de este pleito la corte la declara con lugar y ordena que el marshal de este Tribunal proceda a lanzar y hacer que el demandado Vicente Soto Samalot desaloje el inmueble que fué adjudicado en pública subasta al demandante a quien deberá el referido marshal dar posesión del mismo.

"El Secretario expedirá el correspondiente mandamiento para el cumplimiento de esta orden. San Juan, P. R., julio 26, 1927. (Fdo.) C. Llauger Díaz, Juez."

El 29 de julio de 1927 los demandados pidieron la reconsideración de la orden dictada y

"La corte resolviendo la solicitud de reconsideración a su orden de fecha julio 26 de 1927, que fué discutida por las partes el día 19 de septiembre y ofrecido alegatos a la corte, los que hasta esta fecha no han sido radicados, declara que por no haber a su juicio fundamentos legales que justifiquen se deje sin efecto su ameritada orden de fecha 26 de julio de 1927, declara sin lugar dicha solicitud de reconsideración. Notifíquese. Dada en San Juan, P. R., hoy día 11 de octubre de 1927. C. Llauger Díaz, Juez de Distrito."

Los demandados solicitaron la reconsideración de la orden que antecede porque ellos habían presentado su alegato. Accedió la corte y considerando de nuevo la cuestión planteada la decidió así:

"La corte sostiene su resolución de 11 de octubre, por la que se declara sin lugar la solicitud de reconsideración a la orden de julio 26, 1927. Notifíquese. San Juan, Puerto Rico, a 8 de noviembre de 1927. Fdo. C. Llauger Díaz, Juez de Distrito."

Esta última orden se notificó a los demandados el 29 de noviembre de 1927 y los demandados interpusieron contra ella la presente apelación el 8 de diciembre de 1927:

La cuestión de si puede apelarse de una orden reconsiderando o negándose a reconsiderar o dejando o negándose a dejar sin efecto una orden o sentencia apelable por sí misma, ha ocupado la atención de la corte en repetidas ocasiones. Su decisión depende mucho de las circunstancias que en cada caso concurren.

La regla es que la apelación debe establecerse de la sentencia o de la orden misma y no de la orden decidiendo la moción de reconsideración. Sólo como excepción procede actuar de modo distinto.

En este caso concreto es dudoso el derecho a apelar de la propia orden de julio 26, 1927. Pero aceptando que fuera claro, la parte que se sintió agraviada debió haber recurrido de ella directamente para ante este tribunal. La conoció en tiempo, ya que tres días después de dictada fué que presentó su moción de reconsideración.

Pero hay aún más. No sólo no recurrió la parte directa-

mente, si que habiéndose decidido la reconsideración en su contra en octubre once de 1927, insistió de nuevo en la corte de distrito y la corte después de haber considerado otra vez el caso ratificó su anterior resolución el 8 de noviembre de 1927 y de esta última resolución es que se apela.

Para sostener la procedencia del recurso, la parte apelante invoca el caso de *Delgado* v. *Cárdenas,* 34 D.P.R. 240, que no es aplicable como veremos en seguida.

En dicho caso se desestimó la apelación por no haberse acompañado al escrito de apelación el sello que la ley exige o incidentalmente se dijo:

"En abril 8, 1925 la Corte de Distrito de Humacao en una acción reivindicatoria declaró sin lugar una llamada moción de reconsideración de la sentencia por abandono, dictada contra la demandante. La resolución así dictada que en realidad es una para dejar sin efecto la sentencia, cae dentro de la clase de la cual debe interponerse una apelación dentro del término de diez días."

Se trataba de una sentencia por abandono que, como las dictadas en rebeldía, constituye una excepción a la regla. *Hernaiz, Targa & Co.,* v. *Vivas,* 20 D.P.R. 106.

Debiendo aplicarse a este caso concreto sometido a nuestra consideración la regla general, no habiéndose apelado directamente de la resolución de 26 de julio de 1927 y en todo caso habiendo transcurrido el término para apelar de dicha resolución cuando la apelación de la orden negando la reconsideración fué interpuesta, *debe desestimarse el recurso.*